STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2004 MAY 11 A 8: 13

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-359
REC-CUM- 5/11/2004

GASTON C. S. LEE,

Plaintiff

v.

**ORDER ON SECOND SUPPLEMENTAL
SUBMISSION FOR ATTORNEY'S FEES,
COSTS AND EXPENSES**

DONALD L. ........
LAW .........

MAY 21 2004

SCOTIA PRINCE CRUISES LIMITED,

Defendant

The counterclaim defendant, Gaston C.S. Lee seeks an award of attorney's fees and expenses in the amount of $34,387.95 for the period from August 1, 2003 through March 16, 2004. The fees claimed arise out of opposition to Scotia Prince's appeal to the Law Court of this court's Second Allowance of Fees and Costs ("*Lee II*") and preparation of and support for this Second Supplemental Submission (third Submission).

The counterclaim defendant substantially prevailed in the Law Court in *Lee II*, where $58,637.69 of the trial court award of $60,813.69 was affirmed. That case was decided on briefs without oral argument and the only issue on appeal was the propriety of the fee award.

Although the Law Court in *Lee II* did not expressly remand the matter to this court for a determination of attorney fees as it did in *Lee I*, this court is authorized to consider the request pursuant to M.R.Civ.P. 54(b)(3).

The counterclaim defendant's entitlement to fees arises from Scotia's Bye-Law 125 which the Law Court held covered "expenses Lee incurred while defending against Scotia's counterclaim, but not to cover expenses incurred while prosecuting his

complaint". This Bye-Law provision does not allow for costs incurred in establishing the *right to indemnity* Chadwick-Ba Ross, Inc. v. Martin Marietta Corp., 483 A.2d 711, 717 (Me. 1984) which was established by the Law Court's decision in *Lee I.*

Where there is an entitlement to the recovery of attorney fees, the further award of additional fees incurred on appeal in defending fees awarded or in preparing a fee application is justified. Any fees awarded must be reasonable in light of the factors enunciated by the Law Court in Villas by the Sea Owners Association v. Garrity, 2001 ME 93, 774 A.2d 1115, 1117.

In this case, the issue on appeal was finite, focused and straightforward. The record was limited and there was no oral argument. The questions presented were neither novel nor difficult. The records presented to support the fees claimed are records maintained in the ordinary course of counsel's practice and ought to be readily accessible. The legal support for the fee award under the Garrity factors is well understood by counsel and the courts.

Under these circumstances, the court awards fees and expenses to the defendant counterclaimant as follows:

Attorney fees        $15,000.00
Costs and Expenses $   429.95
                     $15,429.95    Total

Dated: May 11, 2004

Robert E. Crowley
Justice, Superior Court

2

Date Filed __6-29-01__   CUMBERLAND   Docket No. __CV01-359__

County

Action __CONTRACT__

GASTON C.S. LEE

SCOTIA PRINCE CRUISES LTD d/b/a
PRINCE OF FUNDY CRUISES
PRINCE OF FUNDY CRUISES LTD

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Seth Brewster, Esq.<br>P.O. Box 586<br>Portland ME 04112 | Frederick Finberg Esq. 773-4775<br>121 Middle Street, Suite 300<br>PO BOX 7799<br>Portland ME 04112<br><br>PETER BENNETT, ESQ.<br>121 MIDDLE STREET<br>P.O. BOX 7799<br>PORTLAND, MAINE 04112-7799<br>207-773-4775 |

Date of
Entry

2001