### GERARD C. TOBEY *vs.* PELEG McFARLIN & others.

**Suffolk.** March 26. — April 9, 1874. AMES & DEVENS, JJ., absent.

A creditor of one member of a partnership brought a bill in equity under the Gen. Sts. *c.* 113, § 2, *cl.* 11, against all the members of the partnership, to reach and apply to the payment of the debt the amount that would be due his debtor on liquidation of the partnership. He afterwards sought to make certain debtors of the firm parties defendant. *Held,* that they had no interest in the suit, and could not be joined as defendants.

BILL IN EQUITY under the Gen. Sts. *c.* 113, § 2, *cl.* 11, against Peleg McFarlin, A. Tillson and Matthias Ellis.

The bill alleged that the plaintiff was a creditor of the defendant Ellis ; that he and the other defendants were members of the firm of Matthias Ellis & Co. ; that said firm had property including debts to a large amount due to it from certain insurance companies named ; that after the liquidation and payment of all the debts of the firm and adjustment of the accounts between the partners there would be a large amount belonging to Ellis as his share of the profits of the firm ; and that the interest of Ellis in the property of the firm could not be come at to be attached or taken on execution in a suit at law against said Ellis.

The defendants answered and the plaintiff moved for leave to amend his bill by making the several insurance companies named therein parties defendant. This motion was overruled by *Ames*, J., and the plaintiff appealed ; further proceedings were stayed, and the question was reported for the consideration of the full court.

*G. C. Tobey, pro se.* 1. The motion should have been allowed, and the insurance companies made parties to the bill. It may be granted as auxiliary to the principal relief sought. *Whittemore*

v. *Cowell*, 7 Allen, 446. The insurance companies may be viewed, perhaps, as materially interested in the purpose or object of the suit. If not indispensable parties, they may still with propriety be made parties to the record. Story's Eq. Pl. §§ 156, 221. The creditor of the insolvent partner has an equitable interest to be protected in the adjustment and settlement of the several policies ; and, although the insurers are not directly liable to him in an action at law, yet they properly may be made parties to his bill in equity, and subjected to the decree of the court. *Scovill* v. *Kinsley*, 13 Gray, 5. *Holmes* v. *Woodworth*, 6 Gray, 324. Proceedings like the case at bar are regarded by the court as " in the nature of an equitable trustee process, by which a creditor may in one and the same suit establish his claim against his debtor, and also compel the appropriation of property in the hands of third persons to the payment of his debt." The inquiry into the two distinct issues involved may proceed independently of each other. The suit is of " the nature of an extension of the trustee process." *Sanger* v. *Bancroft*, 12 Gray, 365. *Crompton* v. *Anthony*, 13 Allen, 34. If his bill is sustainable, the plaintiff is entitled to join such parties thereto as may appear necessary for securing to him the full benefit of the aid which is invoked.

2. There is no statutory enactment, and, it is believed, no established finding or settled practice in this Commonwealth under which these partnership effects could have been attached in a suit at law against one of the partners alone. On the contrary, it is settled law that a creditor of an insolvent partner can take and sell on execution, at the most, only the interest of the debtor in the whole partnership effects and business ; that is to say, his share of the surplus, after payment of all the partnership liabil · ities. The firm may be insolvent and have no surplus ; the partner may be a debtor to the firm ; the partnership stock belongs to the partnership, and no copartner has a distinct and separate property in any part of it. *Pierce* v. *Jackson*, 6 Mass. 242. *Rice* v. *Austin*, 17 Mass. 197. *Newman* v. *Bagley*, 16 Pick. 570. *Allen* v. *Wells*, 22 Pick. 450. *Trowbridge* v. *Cushman*, 24 Pick. 310. *Dyer* v. *Clark*, 5 Met. 562. *Pond* v. *Kimball*, 101 Mass 105. *Rice* v. *McMartin*, 39 Conn. 573. So the nature of partnership property forbids the attachment or seizure of a copart-

ner's interest in any segregated or specified goods among the assets of a firm. "In such case a distinct moiety or other proportion, in certain specific articles of the partnership property, cannot be taken and sold. They cannot be appropriated in whole or in part as constituting any separate property of one partner. *Allen* v. *Wells*, 22 Pick. 450. *Reed* v. *Howard*, 2 Met. 36, 39. *Pond* v. *Kimball*, 101 Mass. 105, 106. *Gibson* v. *Stevens*, 7 N. H. 352. *Morrison* v. *Blodgett*, 8 N. H. 238, and cases cited. Parsons on Partnership, 353. At the most it can only be suggested that the officer might have attached the interest which the insolvent partner had in the whole partnership concern. But without right to take the partnership goods he cannot hold on to a mutable interest which is neither palpable nor ascertained nor certain nor susceptible of present appraisal. The officer cannot get an active, manual possession of such an interest, and how in the absence of enabling statutes can he come at, or hold, that of which he can get no custody ?

The case of *Melville* v. *Brown*, 15 Mass. 82, is very briefly reported,* and the remarks of the court in that case, and in *Blanchard* v. *Coolidge*, 22 Pick. 151, touching this question, are indecisive and entirely *obiter*. In both cases the acts of the officer were tortious.

3. Some equitable form should be adopted whereby the petitioner may be protected by proceedings in which the persons who are to pay these large amounts, and the persons who are to receive and distribute them, may be amenable to the direction of the court. *Holmes* v. *Woodworth*, 6 Gray, 324. And this can be so administered as to avoid hardship to the solvent copartners. If the petitioner has rights, he has no power at law to vindicate them, and both parties must go to equity for the final accounting ;

---

* In the copy of 15 Mass. in the Law Library of the County of Berkshire is the following in the handwriting of Charles Sedgwick, son of Mr. Justice Sedgwick, and for a long time the clerk of the courts in that county : " The history of the report of *Melville* v. *Brown* is this. Judge Jackson said to Mr. Tyng, ' Why do you make such long reports? Why not state the points and the decision ; that is enough.' ' Please give me a specimen report, said Mr. Tyng.' Whereupon Judge Jackson instanter furnished the above, which is here inserted *totidem verbis*. This I had from Ch. J. Shaw.

" September, 1846.                                                            C. S."

so that under any process equity is eventually and necessarily the resort.   Again : an equity jurisdiction arises here by the operation of administering the equities as between the partners, without which the interest of the insolvent partner cannot be ascertained.   Thus the equities of the creditor may, at least in a case where his debt is admitted, be worked out through their equities.

*E. Avery & F. W. Palfrey*, for the defendants, were not called upon.

MORTON, J.   The question whether the plaintiff can in any aspect of the proofs maintain his bill, is not now before us.   The only question presented is whether the order overruling the motion to amend was correct.

The object of the statute is to enable a creditor by a bill in equity to reach and apply to the payment of his debt any property of his debtor, which cannot be attached or taken on execution in a suit at law.   But it does not enable a creditor of one partner in a firm to reach and apply the property of the firm or debts due to the firm.   The property and debts of the firm are first to be applied to the payment of the creditors of the firm.   It has therefore been held that a creditor of one partner cannot attach by trustee process a debt due to the firm.   *Hawes* v. *Waltham*, 18 Pick. 451.   *Foot* v. *Hunkins*, 14 Allen, 15.

The only property or interest of a partner which can be applied to the payment of his private debts is the balance due him upon the liquidation of the partnership debts, and the adjustment of the accounts of the partners.   The plaintiff therefore in this case would not be entitled to a decree requiring the insurance companies named as the debtors of the firm to pay to him the amounts which they owe the firm.   In other words he would not be entitled to any relief against them.   Their whole duty is to pay their debts to the firm.   They have no interest in the subject of this suit, and would not be affected by any decree which the plaintiff could obtain.   They are therefore not proper parties to the suit.                    *Order refusing amendment affirmed.*