THOMAS M. PARKER *vs.*

WILLIAM W. WRIGHT and A. & P. COBURN, trustees.

Somerset, 1876.—January 9, 1877.

*Trustee process.*

The plaintiff brought his action to recover a debt due from the principal defendant alone, and trusteed a debt due to the partnership of which the defendant was a member. It appeared by the disclosure, that the firm was indebted to an amount larger than that disclosed. *Held,* 1. That the alleged trustees should be charged only for the interest which the principal defendant would be entitled to, after a settlement of the partnership affairs. 2. That the other partner should be permitted to become a party to the suit as claimant, to show what that interest is.

ON EXCEPTIONS, arising under a trustee disclosure.

Abner Coburn, in behalf of the trustees, disclosed that they employed the firm of Wright & Blackwell, in a logging operation

amounting to $6,519.23 ; that before the service they had advanced $4,306.68, leaving a balance of $2,212.55 to be paid to Blackwell & Wright; that he was informed and believed at that time there were company debts due and outstanding against Blackwell & Wright, growing out of the operations, amounting to $2,250 ; that since the service he sent to Blackwell & Wright by mail, to pay help, $300, and that he had paid Blackwell $1500 to pay partnership creditors, and believed the sum had been so appropriated.

Harmon Blackwell, partner of Wright, asked to be permitted to file allegations, claiming the proceeds of the demand disclosed by the trustees, as necessary to pay partnership debts for which he is liable. The presiding justice refused to allow the allegations to be filed, and charged the trustees in the sum of $750, to both of which rulings, the trustees alleged exceptions.

*S. Coburn,* for the trustees.

*B. E. Pratt,* for the plaintiff.

The remedy of the creditors, if any there were, against the copartnership, if any there was, was by suits against both its members, summoning the same trustees. The court would then have been called upon to determine who had the better title to the fund. *Whitney* v. *Munroe & trs.,* 19 Maine, 42. *Thompson* v. *Lewis & tr.,* 34 Maine, 167. *Smith* v. *Cahoon & tr.,* 37 Maine, 281. *Burnell* v. *Weld & trs.,* 59 Maine, 423.

DANFORTH, J. The disclosure of the alleged trustees in this case, shows that the principal defendant is a member of the firm of Blackwell & Wright, and the only property which they had in their hands was a debt due to the firm. It also shows that the indebtedness of the firm was somewhat larger than the claim against the trustees. These facts are stated partly from the personal knowledge of the alleged trustee who makes the disclosure, and partly from information and belief. The belief in the truth of the information, is stated under oath; it therefore becomes a part of the disclosure, and must be taken as such. *Chase* v. *Bradley,* 17 Maine, 89. *Willard* v. *Sturtevant,* 7 Pick. 194–7. *Kelly* v. *Bowman,* 12 Pick. 383. It thus appears from the dis-

closure, that the other partner, Blackwell, has an interest in the funds disclosed. If not so, the plaintiff or defendant under proper allegations, could have shown the facts. R. S., c. 86, § 29.

In this state of the case, Blackwell appeared voluntarily claiming the proceeds of the demand disclosed as necessary to pay the partnership debts, and asked to be permitted to file allegations, and, though not so stated we must presume, for the purpose of showing his claim well founded. He was not permitted to do so, and the trustees were charged. To both of which rulings, exceptions were filed. If the first ruling was wrong, the second was, also. If Blackwell had a right to be heard, being excluded, the judgment would not be binding upon him; and the trustees should have been discharged. *Burnell* v. *Weld*, 59 Maine, 423.

Ought Blackwell to have been admitted a party to the suit? By R. S., c. 86, § 32, "when it appears by the answers of a trustee, that any effects, goods or credits in his hands are claimed by a third person in virtue of an assignment from the principal debtor, or in some other way, the court may permit such claimant, if he sees cause, to appear. If he does not appear voluntarily," he may be cited, &c. On appearing, he may become a party to the suit so far as his title may be in question, and "allege and prove any facts not stated or denied in the disclosure of the trustee."

It will be seen that the words of the statute, "or in some other way," are sufficiently broad to include any way in which the claimant can show a title, no matter how it may have arisen, or in what form it may be presented, provided it is such as the law will uphold.

This case, then, involves the question, as to how far one partner may claim a debt due the firm, as against a creditor of the other partner, who has attached the debt in a trustee process.

That the interest of one partner in the tangible property of the partnership may be attached and sold in payment of his private debt, must be considered as well settled, perhaps wherever the common law prevails. In this state it seems now to be well settled, that his interest may be attached for the same purpose in a trustee process, though in other states a different doctrine prevails, on the ground that a joint debt cannot thus be severed.

Formerly, in the case of tangible property, where the partnership consisted of two persons, under an attachment and seizure, the creditor would hold one-half the property, not because the debtor necessarily owned that amount, but rather on account of the difficulty and delay in ascertaining the separate partner's interest ; as that could be done without the consent of the parties interested, only by a process in equity. But as wiser counsels prevailed, it was considered that difficulties and delays were no excuse for injustice, a different doctrine was adopted, and it is now well settled that a creditor of one partner can take only the actual legal interest of that partner to pay his private debt. The purchaser at the execution sale takes the place of the debtor and, his interest, whatever it may be, after the affairs of the partnership are settled, with all the liabilities and uncertainties attendant upon that settlement. This avoids the injustice of taking the property of one to pay the debt of another ; while the creditor, though he may complain of the difficulties and delays, in reaching the desired end, must submit, as the remedies are such as, and the best that the law has provided for him, in common with all citizens, to protect their rights, as well as enforce their claims. This matter has been fully and sufficiently discussed in Collyer on Part., 4th Am. ed. 735, and notes ; Story on Part., 6th ed., §§ 261–264, and notes ; 1 Am. Lead. Cases, 470 ; 2 Lead. Cases in Eq., 3d ed. 336. To ascertain this interest of one partner, the priority of joint creditors and the rights of the other partners are fully recognized and respected. *Smith* v. *Barker*, 10 Maine, 458. *Douglas* v. *Winslow*, 20 Maine, 89. *Pierce* v. *Jackson*, 6 Mass. 242. *Tobey* v. *McFarlin*, 115 Mass. 98, 101.

Such being the rule in relation to attachment and sale on execution, founded, as it is, upon well recognized principles of law and justice, and enforced by such process as is common to all, we see no good reason why it should not be applied to that kind of property which can only be reached by a trustee process. There is nothing in the form of this process which should give it in this respect an advantage over the other. A debt due the firm is as much a part of its assets as any other property, and in its disposition is subject to the same laws ; and the interest of each partner

in it is to be ascertained in the same way, and depends upon the same principles ; with this exception, that as the court must determine the amount for which the trustee shall be chargeable, the extent of the debtor's interest must necessarily be ascertained before judgment, while under an attachment and sale, it may be ascertained before or after, usually after.

The plaintiff relies upon *Whitney* v. *Munroe,* 19 Maine, 42 ; *Thompson* v. *Lewis,* 34 Maine, 167 ; and *Smith* v. *Cahoon,* 37 Maine, 281, confirmed by *Burnell* v. *Weld,* before cited, to sustain his position. These cases hold that a debt due the partnership may be trusteed by a creditor of one of the partners, and, perhaps, in the absence of all proof to the contrary, that the interest of one of two partners will be presumed to be one-half, but nothing more. Neither of them decides that proof will not be received to show the debtor partner's interest, or that the trustee should be charged for more than that interest. On the other hand, in *Whitney* v. *Munroe,* the prior right of partnership creditors is distinctly recognized, as well as their claim to assert such right by a similar process. In *Thompson* v. *Lewis,* one of the partners having deceased, it is said : "Or the administrator may claim the credits for the estate ; and when it so appears by the disclosure, the court may permit him to become a party to the suit, and have his claim investigated and determined." This case clearly recognizes the right of the creditor to no more than the actual interest of his debtor. The same may be said of *Smith* v. *Cahoon.*

But it is claimed that the remedy of the joint creditors is only by suit against both the partners and summoning the same trustees. This may indeed be one remedy, but we think not the only one ; and this might often fail from a want of notice of the prior suit, or some of the joint debts may not have become payable. Then, why the necessity of a suit with its attendant delays and costs, when the parties, as in this case, are willing to pay without. It seems by the disclosure that, since the service of the writ, the trustees have paid eighteen hundred dollars to relieve their property, of liens and the company, of debts which have the precedence of that in suit. May not this fact be alleged and proved in this suit, as well as to commence others ? and who so proper a person to file these allegations as the other partner ?

The joint creditors, if they were in a condition to do so, may have no occasion to bring a suit; for while the partnership may be insolvent one of the partners may be solvent. In such case, the solvent partner is the only one interested, and his interest would extend to the whole amount of the partnership property. He "has a specific lien on the present and future property of the partnership, not only for the debts and liabilities due to third persons, but also for his own amount or share of the capital stock, and funds, and for all moneys advanced by him for the use of the firm, and also for all debts to the firm for moneys abstracted by any other partner from such stock and funds beyond his share." Story on Part., § 97. In Massachusetts it has been held that, "before either party can claim to his own use, or for the payment of his own debts, any of the partnership effects, the partnership must be solvent, and he must not be a debtor to it." *Fisk* v. *Herrick*, 6 Mass. 271.

The solvent partner thus becomes the representative of all the partnership interests and effects. If the creditors choose to secure their debts upon outstanding debts or liabilities, the same remedies which are provided for others are open to them. If they do not choose to do so, then the solvent partner has his rights and interests to protect and which he must protect by bill in equity or in a case like this by becoming a party to the suit. In *Fisk* v. *Herrick*, it was held that the trustee should be discharged unless one of the partners were summoned as trustee, that the interest of the principal defendant might be shown by his disclosure. But under our practice the liability of the trustee could not be thus shown, while under the statute, by permitting the partner to become a party to the suit, it might be.

This lien of the partner is not only an equitable one, but one which is recognized at law. In *Pierce* v. *Jackson*, Parsons, C. J., called it a common law interest.

In *Bank* v. *Wilkins*, 9 Maine, 28, it was held that "the mere insolvency of a copartnership is sufficient to defeat an attachment made by a creditor of one of the firm; although the partnership creditors have commenced no action for the recovery of their debts." The same doctrine is laid down in *Rice* v. *Austin*, 17 Mass. 197, 206-7. The same doctrine would seem to apply equally well to an attachment under a trustee process.

It is claimed here that there is no proof of any existing joint debts. But the complaint in the exceptions is, that the party most interested was not permitted to offer such proof. It may be that the defendant or trustees might have filed allegations and offered such proof. But that would have been only a partial remedy; a part of the interests of Blackwell might still have been left unprotected.

Besides, the principal defendant had no pecuniary interest in so doing and the trustees none, except to be protected from twice paying their debt; and this protection should be afforded them at the expense of the partnership rather than at their own, more especially when they have in their disclosure given such proof as they have and all that is presumed to be within their control.

The interest in partnership property may be regulated by contract between the partners as well as by the indebtedness of the firm and its individuals. Hence the necessary facts are peculiarly within the knowledge of the members of the firm; and when it becomes necessary to protect the rights of any one of them under the trustee process, it is because he has a valid claim to all or a part of the property attached. He is in a position to present this claim better than either of the other parties interested; and for that purpose he comes within the terms of the statute and should have been admitted a party to the suit.

*Exceptions sustained.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.