GALE & a. *v.* BARNES & a.

66  183
72  545

A judgment, charging one who is summoned as trustee of one member of a firm, entered upon an erroneous disclosure that the debt was owing to the individual member when it was in fact to the firm, is no bar to a suit by the firm to recover their debt.

ASSUMPSIT. Facts found by the court. March 11, 1884, the defendants were indebted to the plaintiffs, who were copartners, in the sum of $60. On that day one Gibson brought a suit against Willoughby, and summoned the defendants as trustees. Upon a disclosure that they were owing Willoughby, they were charged $45.01. That sum they afterwards paid on an execution issued against them. The defendants have since paid the plaintiffs $14.99, and now seek to set up the judgment against them as trustees, and the payment of the execution, as a bar to the remainder of the plaintiffs' claim.

*W. N. Armington,* for the plaintiffs.

*W. Heywood,* for the defendants.

CLARK, J. The defendants were charged as trustees of Willoughby in the Gibson suit because of the erroneous statement in their disclosure that they were indebted to him. If the facts as to their liability had been correctly stated, and it had appeared that their indebtedness was to the firm of Gale & Willoughby, they would not have been chargeable. The interest of one partner in a debt due to the firm cannot be attached by trustee process in an action against him alone. *Morrison* v. *Blodgett,* 8 N. H. 238; *French* v. *Rogers,* 16 N. H. 177; *Burnham* v. *Hopkinson,* 17 N. H. 259; *Hanson* v. *Davis,* 19 N. H. 133; *Treadwell* v. *Brown,* 41 N. H. 12; *Weaver* v. *Rogers,* 44 N. H. 112; *Hawes* v. *Waltham,* 18 Pick. 451; *Foot* v. *Hunkins,* 14 Allen 17; *Tobey* v. *McFarlin,* 115 Mass. 98. It is to be assumed that the defendants knew to whom they were indebted, and the payment of the erroneous judgment recovered against them by their own fault cannot avail them in this action. The plaintiffs are not bound by that judgment. A trustee's disclosure is not evidence in his favor in another proceeding, and a judgment against a trustee is not evidence for him in an action by his creditor for any other purpose than to show the amount for which he was charged. *Puffer* v. *Graves,* 26 N. H. 256; *Jones* v. *Roberts,* 60 N. H. 216. Payment of a judgment obtained against them upon an admission of indebtedness to Willoughby did not discharge the defendants' indebtedness to Gale & Willoughby. The plaintiffs were in no way affected by the defendants' erroneous admission in the Gibson suit. *Nelson*

v. *Sanborn*, 64 N. H. 310.    The plaintiffs have not been guilty of any fraud or misconduct.  This is not an action to recover a debt which has been discharged by one copartner and paid by a set-off of his private debt (*Chase* v. *Bean*, 58 N. H. 183), and there should be

*Judgment for the plaintiffs.*

CARPENTER, J., did not sit: the others concurred.