2008 ME 96

## CHASE HOME FINANCE LLC

v.

## John H. HIGGINS et al.

Supreme Judicial Court of Maine.

Submitted on Briefs: April 30, 2008.

Decided: June 10, 2008.

Mark A. Kearns, Esq., Springvale, ME, for John and Valarie Higgins.

Paul E. Thelin, Esq., Geoffrey S. Smith, Esq., Ainsworth, Thelin, Chamberlain & Raftice, P.A., South Portland, ME, for Chase Home Finance LLC.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

SAUFLEY, C.J.

[¶ 1] John H. and Valarie A. Higgins appeal from a judgment of foreclosure and order of sale entered by the Superior Court (York County, *Fritzsche, J.*) upon Chase Home Finance LLC's motion for summary judgment. Among other things, the Higginses contend that it was improper for the court to certify the summary judgment as a final judgment when their counterclaims were yet to be resolved. Because we agree that the judgment is not final, we dismiss the appeal as interlocutory and remand the matter to the Superior Court for further proceedings.

## I. BACKGROUND

[¶ 2] On May 25, 2007, Chase Home Finance LLC filed a complaint for foreclosure in the District Court and had it served on John H. and Valarie A. Higgins. The complaint alleged that the Higginses defaulted in payment on their mortgage note, that they were notified of the default and the right to cure at least thirty days before the filing of the complaint, and that they owed Chase $286,965.33.

[¶ 3] The Higginses filed an answer, affirmative defenses, a counterclaim, and a notice of removal to the Superior Court on June 13, 2007. The counterclaim alleged that a loan modification agreement between the Higginses and Chase should be rescinded because it is unconscionable, unenforceable, and violates the Maine Consumer Credit Code, 9-A M.R.S. §§ 1–101 to 12–107 (2007). The Higginses also

sought damages based on violations of the Maine Consumer Credit Code; the Unfair Trade Practices Act, 5 M.R.S. §§ 205-A to 214 (2007); the Maine Fair Debt Collection Practices Act, 32 M.R.S. §§ 11001-11054 (2007); and the Fair Credit Reporting Act, 10 M.R.S. §§ 1311-1330 (2007).

[¶ 4] After removal to the Superior Court, Chase answered the counterclaim and then moved for summary judgment and for entry of final judgment on its complaint. Chase also filed a statement of material facts, an affidavit with exhibits in support of the motion, and a draft final judgment that addressed the Higginses' counterclaim only by stating, "As permitted in Rule 54(b)(1) and finding that there is no just reason for delay, this judgment shall be entered as a final judgment as to the claims and parties involved notwithstanding the existence and/or pendency of any other claim(s), counterclaim(s) or cross-claim(s)." Although Chase submitted a memorandum in support of its motion for summary judgment and the entry of final judgment, it did not offer any argument regarding why a final judgment should be entered.

[¶ 5] The Higginses filed a memorandum opposing summary judgment, an opposing statement of material facts, and supporting affidavits with attached exhibits. Chase filed a reply memorandum and a supplemental affidavit with attached exhibits but did not file a reply statement of material facts. *See* M.R. Civ. P. 56(h)(3).

[¶ 6] After holding a hearing on the motion, the court granted summary judgment in Chase's favor on the complaint for foreclosure and signed Chase's draft judgment of foreclosure and order for sale. The court altered the draft only by adding that the judgment followed a review of the written submissions and oral argument; it left intact the language regarding the Rule 54(b) certification of a final judgment.

[¶ 7] The Higginses timely appealed from the judgment.

## II. DISCUSSION

[¶ 8] The Higginses argue that the court erred in certifying the judgment as final without making express factual findings regarding why there was no just reason for delay in entering the judgment as a final judgment. *See* M.R. Civ. P. 54(b)(1). They also argue that the court erred in certifying the judgment as final because there are unresolved counterclaims inextricably intertwined with the merits of the foreclosure.

[¶ 9] "We review the partial final judgment certification for an abuse of discretion." *Wells Fargo Home Mortgage, Inc. v. Spaulding*, 2007 ME 116, ¶ 13, 930 A.2d 1025, 1028. The Maine Rules of Civil Procedure provide the authority for a court to make such a certification:

Except as otherwise provided in paragraph (2) of this subdivision and in Rule 80(d), when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, except those enumerated in paragraph (2) of this subdivision and in the last sentence of Rule 80(d), which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before

the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

M.R. Civ. P. 54(b)(1).

██ [¶ 10] A partial final judgment should be entered pursuant to this rule only in limited circumstances because there is a strong policy against the piecemeal review of litigation. *Wells Fargo*, 2007 ME 116, ¶ 12, 930 A.2d at 1028. Because of the restricted function of this rule, we have required "specific findings and reasoned statement by the ... court explaining the certification" to enable us to review "whether the facts of this case constitute such an unusual circumstance that the merits of an interlocutory appeal should be considered before all pending claims are resolved." *Id.* (quotation marks omitted). Several factors are relevant to this determination, including the following:

— The relationship of the adjudicated and unadjudicated claims;

— The possibility that the need for review may be mooted by future developments in the trial court;

— The chance that the same issues will be presented to us more than once;

— The extent to which an immediate appeal might expedite or delay the trial court's work;

— The nature of the legal questions presented as close or clear;

— The economic effects of both the appeal and any delays on all of the parties, including the parties to appeal and other parties awaiting adjudication of unresolved claims; and

— Miscellaneous factors such as solvency considerations, the res judicata or collateral estoppel effect of a final judgment and the like.

*Id.* ¶ 13 n. 1, 930 A.2d at 1028 (quotation marks omitted).

[¶ 11] Here, the judgment did not provide specific findings regarding why it was entered as final but instead only stated genetically that "there [was] no just reason for delay." Chase drafted the language in the judgment but did not, in connection with its motion for summary judgment and entry of final judgment, offer any argument regarding how Rule 54(b)(1) should be applied. In the absence of any argument on the matter from Chase or any language in the order that the court signed describing how Rule 54(b)(1) applied, we examine the nature of the Higginses' counterclaim to determine whether the certification of the judgment as final was justified.

[¶ 12] The counterclaim alleged, in part, that the parties' loan modification agreement should be rescinded because it was unconscionable, unenforceable, and violated the Maine Consumer Credit Code. Because the court could ultimately determine that the agreement is void or unenforceable on the basis of the allegations in the counterclaim, we cannot say with certainty that the foreclosure is factually and legally independent from the counterclaim. *See Wells Fargo*, 2007 ME 116, ¶ 13 n. 1, 930 A.2d at 1028. Even if some of the claims are facially defective, it is not possible at this stage of the proceedings to conclude that all of the claims lack merit. In these circumstances, we conclude that the judgment was not properly certified as a final judgment, and we dismiss the appeal from this interlocutory order as premature.

The entry is:

Appeal dismissed. Remanded for further proceedings consistent with this opinion.