ENTERED JUL 2 8 2014

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-13-067
*JON-YOR-06-23-14*

CATHERINE F HAYWARD,                    )
TRUSTEE OF THE CATHERINE F.             )
HAYWARD REVOCABLE TRUST                 )
OF 2012,                                )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )        ORDER ON DEFENDANT'S
                                        )        MOTION TO RECONSIDER
OCEAN HOUSE, INC.,                      )
                                        )
          Defendants.                   )

Defendant moves the court for reconsideration of the court's Order on Defendant's Motion for Partial Summary Judgment and Plaintiff's Motion for Partial Summary Judgment dated March 25, 2014. Defendant moves the court to reconsider based upon a number of reasons, which the court will address in turn.

Defendant disputes the court's statement in the background section of the Order that the fence closes off access from Plaintiff's "front" door to the sidewalk. Defendant is correct that the court should have stated these as alleged facts, not as undisputed facts. Furthermore, Defendant asks the court to correct the misstatement by the court as to which party cited a line of cases on the proposition that final judgment has not been entered where counterclaims have been left unresolved. The court agrees with Defendant that Plaintiff cited this line of cases, not Defendant.

Defendant argues that there is not evidence in the record to determine that Plaintiff's predecessor in title failed to pursue the claim, and therefore the court should find that the matter was litigated and Plaintiff should be bound by it. Defendant argues that the court should not infer from the dismissal that the predecessor-in-title failed to represent rather than made an informed decision not to proceed in litigation. At the summary judgment stage, the court views "the facts

1

and any inferences that may be drawn from them in the light most favorable to the [non-moving] party to determine if the statements of material facts and referenced record evidence generate a genuine issue of material fact." Cookson v. Brewer Sch. Dep't, 2009 ME 57, ¶ 11, 974 A.2d 276. Defendant has set forth a plausible alternative explanation for the dismissal. However, when viewed in the light most favorable to Plaintiff, it is possible that the dismissal resulted from a failure to represent with due diligence. Defendant raises a question of material fact. The court grants Defendant's Motion to Reconsider Plaintiff's Motion for Partial Summary Judgment as to the affirmative defense of *res judicata*.

The court Denies Defendant's Motion to Reconsider Defendant's Motion for Partial Summary Judgment. The court grants Defendants Motion to Reconsider Plaintiff's Motion for Partial Summary Judgment as to the affirmative defense of *res judicata*. Plaintiff's Motion for Partial Summary Judgment as to the affirmative defense of res judicata is Denied.

DATE: 6/23/14

_____
John O'Neil, Jr.
Justice, Superior Court

2

ATTORNEY FOR PLAINTIFF:
BRADLEY C MORIN
BOURQUE & CLEGG
PO BOX 1068
SANFORD ME  04073


ATTORNEY FOR DEFENDANT:
DAVID P MOONEY
JAMES B BARTLETT PA
PO BOX 836
YORK ME  03909

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-13-067

YOR-JHO- 2 | 25 / 2014

CATHERINE F HAYWARD,
TRUSTEE OF THE CATHERINE F.
HAYWARD REVOCABLE TRUST
OF 2012,

　　　　Plaintiff,

　　v.

OCEAN HOUSE, INC.,

　　　　Defendants.

ORDER

## I.　Background

Plaintiffs bring this action to quiet title, for adverse possession, prescriptive easement, trespass, and injunctive relief with regards to the property at 2 Hawk St., Town of York, York County, Maine. In October 2012, Defendant built a fence on the Property surrounding Plaintiff's residence and closing off the parcel's access from the front door to the sidewalk. Defendant counterclaims for adverse possession.

In 1988, the Plaintiff's predecessor in interest brought a similar suit to quiet title. Defendant counterclaimed for adverse possession. After the plaintiff in the earlier action failed to file a report of conference of counsel with the court pursuant to Supreme Judicial Court Administrative Order SJC-316, the court dismissed the claim with prejudice.

Plaintiff moves the Court to dismiss Defendants affirmative defense of res judicata. Defendant moves the Court for Partial Summary Judgment on the basis of res judicata.

## II.　Standard of Review

1

When a defendant moves for summary judgment, "the plaintiff must establish a prima facie case for each element of [the] cause of action that is properly challenged in the defendant's motion." Flaherty v. Muther, 2011 ME 32, ¶ 38, 171 A.3d 640. The burden then shifts to the defendant to show that there is no genuine issue of material fact. Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Beal v. Allstate Ins. Co., 989 A. 2d 733, 738 (Me. 2010); Dyer v. Department of Transportation, 951 A.2d 821, 825 (Me. 2008). When reviewing a motion for summary judgment, the court reviews the parties' statements of material facts and the cited record evidence in the light most favorable to the non-moving party. Id.

A genuine issue of material fact exists where the fact finder must make a determination between differing versions of the truth. Reliance National Indemnity v. Knowles Industrial Services Corp., 2005 ME 29, ¶7, 868 A.2d 220; citing Univ. of Me. Found. V. Fleet Bank of Me., 2003 ME 20, ¶20, 817 A.2d 871. Furthermore, "a fact is material if it could potentially affect the outcome of the case." Id.

III.    Discussion

The issue before the Court is Defendant's affirmative defense of res judicata. "The doctrine of *res judicata* bars re-litigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been, litigated in the first action." Dep't of Human Servs. on Behalf of Boulanger v. Comeau, 663 A.2d 46, 48 (Me. 1995).

Despite Plaintiff's argument otherwise, the matters presented in the earlier case were essentially the same as those presented in the later case. Giving the claim a heading of

2

"declaratory judgment" instead of "quiet title" does not change what the party is seeking or how the Court must view the action.[1]

The judgment was not final. The 1988 order stated: "For failure to comply with order of 1/14/88, this matter is dismissed with prejudice." Cavanaugh v. Ocean House, Inc., YORSC-CV-86-336 (Me. Super. Ct., Yor. Cty., March 30, 1988). There was no mention of the counterclaim.

Defendant cites to a number of cases that stand for the proposition that where the court does not resolve all counterclaims there has not been a final judgment. See Bank of New York v. Richardson, 2011 ME 38, 15 A.3d 756; Chase Home Fin. LLC v. Higgins, 2008 ME 96, ¶ 12, 953 A.2d 1131. However, none of these cases have a long delay between the determination and the assertion that there are outstanding counterclaims hindering the categorization of the judgment as final. It is hard to imagine that after twenty-six years of no action on behalf of Defendant, the counterclaim is still waiting to be adjudicated.

M.R. Civ. P. 41 permits the court to dismiss the case on its own motion for lack of prosecution after two years. M.R. Civ. P. 41. The rule also requires the court to provide all parties with notice and the opportunity to show good cause the matter should not be dismissed. Id. There is no evidence the court has provided either party notice that the counterclaims were dismissed at any point. While it is doubtful that the court would allow new filings in the case opened in 1986, there is not final judgment on the counterclaim.

Finally, in order for Plaintiff's claims to be precluded, the same parties or their privies must be involved. Defendant was involved in both cases. Plaintiff was not involved in the first action, however Plaintiff's predecessor in interest brought the action. The issue before the court

---

[1] Plaintiff also argues that many of the claims it brings now where not brought in the earlier suit. A discussion of which claims are essentially the same and which are not would be very lengthy and is not necessary at this point in litigation. The Court reserves decision on this matter.

3

is whether Plaintiff is in privity with Thomas Cavanaugh, the Plaintiff's predecessors in interest for the purposes of res judicata.

> Privity is created when two or more persons have a mutual or successive relationship to the same rights of property... In order for the doctrine of privity to be invoked, the first litigation must provide substantial protection of the rights and interests of the party sought to be bound by the second."

Flaherty v. Muther, 2011 ME 32, ¶ 33, 17 A.3d 640 (citations omitted). Furthermore, the Restatement of Judgments holds that "A person is not bound by a judgment for or against a party who purports to represent him if: ... (e) The representative failed to prosecute or defend the action with due diligence and reasonable prudence, and the opposing party was on notice of facts making that failure apparent." Restatement (Second) of Judgments § 42 (1982).

Plaintiff has a successive relationship to the same rights in property with Thomas Cavanaugh. Yet, Thomas Cavanaugh failed to pursue the claim and protect the interests of the future fee holders, such as Plaintiff. Therefore, Plaintiff is not bound by the earlier decision.[2] Plaintiff's Motion for Partial Summary Judgment with regards to Defendant's affirmative defense of res judicata is GRANTED.

IV.  Conclusion

Defendant's Motion for Partial Summary Judgment with regards to the affirmative defense of res judicata is DENIED.

3/25/14

/s/ John H. O'Neil

---

[2] Defendant claims that Plaintiff had notice of the earlier claim and that if the Court finds that Plaintiff is in privity of interest with Thomas Cavanaugh and was required to have notice of the earlier claim under the statute, the current claim should be precluded. Plaintiff denies having had notice of the earlier claim prior to bringing this action. The statute requires notice of all judgments through recordation at the registry of deeds in order for the judgment to have affect on those not a party to the action. "An attested copy of the judgment with the signed clerk's certification must be recorded in the registry of deeds for the county or counties where the subject property is located within one year of the entry of the final judgment unless otherwise ordered by the court.... The judgment has no effect as to any person not a party to the proceeding who has no actual knowledge of the judgment unless an attested copy of the judgment is recorded in accordance with this section." 14 M.R.S. 2401. Because neither party recorded the earlier judgment by the court, the court should find that notice cannot be imputed on Plaintiff as a bar to litigation.

4

ATTORNEY FOR PLAINTIFF:
BRADLEY C MORIN
BOURQUE & CLEGG
PO BOX 1068
SANFORD ME  04073

ATTORNEY FOR DEFENDANT:
DAVID P MOONEY
JAMES B BARTLETT PA
PO BOX 836
YORK ME  03909