MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2024 ME 19
Docket:       And-23-173
Submitted
  On Briefs:  December 20, 2023
Decided:      March 12, 2024

Panel:        STANFILL, C.J., and MEAD, HORTON, CONNORS, and DOUGLAS, JJ.*

CITIBANK, N.A.

v.

ASHLEY MOSER

CONNORS, J.

[¶1]  Citibank, N.A., appeals from a District Court (Lewiston, *Archer, J.*) judgment entered in favor of the defendant, Ashley Moser, in its action to collect credit card debt.  The question before us is whether Citibank received insufficient notice of an April 12, 2023, hearing such that the judgment entered in favor of Moser violated Citibank's procedural due process rights.  We vacate the judgment.

## I.  BACKGROUND

[¶2]  The following background is drawn from the pleadings, notices of hearings sent to the parties, and court orders in this matter.  *See Guidi v. Turner*,

---

* Although Justice Jabar participated in this appeal, he retired before this opinion was certified.

2004 ME 42, ¶ 2, 845 A.2d 1189.

[¶3]  Citibank alleges that Moser had a credit card account with the bank on which she accrued a balance of $4,319.86, that she did not make the required payments on the account, and that she eventually went into default.  On August 22, 2022, Citibank filed a complaint against Moser to collect the balance of the debt she owed.[1]  On November 3, 2022, the court ordered the parties to complete mediation pursuant to Maine Rule of Civil Procedure Rule 92(a)(3).

[¶4]  On March 5, 2023, the court issued a notice to the parties that a "first mediation" was scheduled for April 12, 2023, "at 8:30 a.m. in Room #2" at the Lewiston District Court.  On the same day, the court sent another notice to the parties stating that a "debt collection hearing" had also been scheduled for April 12, 2023, "at 8:30 a.m. in Room #2" at the Lewiston District Court, i.e., the same time and location as the first mediation.

[¶5]  On April 12, 2023, Moser appeared, representing herself, and counsel for Citibank appeared without a Citibank representative.  When questioned by the court why there was no representative for the bank, counsel stated that he understood that the case was scheduled "for the mediation and

---

[1]  Citibank says that it filed a motion for summary judgment after Moser filed an answer to its complaint.  A review of the docket record and trial court file, however, does not show any such filing from Citibank.

not final hearing." The court replied, "Nope. Two notices went out. One notice indicates that it was scheduled for first mediation. The second notice indicates that it's scheduled for final hearing, a final debt collector hearing." The court asked if Citibank was not prepared to proceed, and Citibank's attorney answered that that was correct. The court convened the hearing instead of sending the case to mediation. At the end of the hearing, which began at 8:35 a.m. and ended at 8:36 a.m., the court entered judgment for Moser because Citibank did not satisfy its burden of proof.

[¶6] Citibank timely appealed. *See* M.R. App. P. 2B(c)(1). Citibank filed its brief on August 21, 2023. Moser did not file a brief.

## II. DISCUSSION

[¶7] Citibank argues that the March 5, 2023, notices for a "first mediation" and a "debt collection hearing" were ambiguous and that the court's subsequent judgment in favor of Moser violated its right to procedural due process.

[¶8] We review claims regarding procedural due process de novo. *Doe v. Hills-Pettitt*, 2020 ME 140, ¶ 10, 243 A.3d 461. "[T]he fundamental requirement of due process is that a party must be given notice and an opportunity to be heard." *Doe v. Dep't of Health & Hum. Servs.*, 2018 ME 164, ¶ 15, 198 A.3d 782.

4

The notice and opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." *Kirkpatrick v. City of Bangor*, 1999 ME 73, ¶ 15, 728 A.2d 1268 (quotation marks omitted). This fundamental requirement necessitates "an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right which the particular pertinent constitutional provision purports to protect." *Id.* (quotation marks omitted).

[¶9] Here, Moser's debt to Citibank is a property interest protected by procedural due process. *See Munjoy Sporting & Athletic Club v. Dow*, 2000 ME 141, ¶ 10, 755 A.2d 531 (explaining that property interests are defined by state law); *Parker v. Wright*, 66 Me. 392, 395 (1877) ("A debt due the firm is as much a part of its assets as any other property, and in its disposition is subject to the same laws . . . ."); Me. Const. art. I, § 6-A; U.S. Const. amends. V, XIV. Because Moser's credit card debt is a protected interest, Citibank was entitled to an opportunity to be heard "at a meaningful time and in a meaningful manner" before deprivation could occur. *Kirkpatrick*, 1999 ME 73, ¶ 15, 728 A.2d 1268 (quotation marks omitted).

[¶10] The competing March 5, 2023, notices sent to the parties indicated that mediation and a debt collection hearing would occur simultaneously—an

impossibility.[2]   The ambiguity in the notices and the court's subsequent judgment in favor of Moser denied Citibank the required notice and meaningful opportunity to be heard.  *See id.*  Furthermore, on November 3, 2022, the court ordered the parties to engage in mediation.  That mediation never happened because the court entered judgment at the debt collection hearing scheduled for the same time and location as the ordered mediation.

[¶11]  We do not need to decide whether the ambiguous notices would, on their own, violate Citibank's procedural due process rights.  The denial of the opportunity to engage in the ordered mediation, combined with the ambiguous competing notices, resulted in a denial of due process in this case. *See Gorman v. Barnett*, No. AP-01-67, 2002 WL 276017, at *1 (Me. Super. Ct. Jan. 23, 2002) ("This ambiguity in the notice would be sufficient by itself to constitute a violation of due process.  However, the lack of a warning that a failure to appear will result in a default judgment simply compounds the constitutional problem.").

The entry is:

> Judgment vacated.  Remanded for further
> proceedings consistent with this opinion.

---

[2] The ambiguity in the two notices would have been eliminated if one of them had explained that the case would go to mediation if both parties appeared and that the parties should be prepared for hearing if the mediation could not be held or if it was unsuccessful.

Anthony J. Figliola, Esq, Figliola & Romano, LLC, Barrington, RI, for appellant Citibank, N.A.

Ashley Moser did not file a brief

Lewiston District Court docket number CV-2022-324
FOR CLERK REFERENCE ONLY