MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:        2026 ME 46
Docket:          Yor-25-325
Submitted
  On Briefs:     February 18, 2026
Decided:         May 21, 2026

Panel:           MEAD, CONNORS, LAWRENCE, and LIPEZ, JJ., and HJELM, A.R.J.

TIDEWATER LOFT CONDOMINIUM ASSOCIATION

v.

JUDITH L. MOSKAL-KANZ

LIPEZ, J.

[¶1]  Judith L. Moskal-Kanz appeals from a judgment of the District Court (Biddeford, *Moskowitz, J.*) in favor of Tidewater Loft Condominium Association ordering the foreclosure and sale of her condominium unit and denying her counterclaim invoking the Fair Housing Act, *see generally* 42 U.S.C.A. §§ 3601-3631 (Westlaw through Pub. L. No. 119-88), and the Americans with Disabilities Act, *see generally* 42 U.S.C.A. §§ 12101-12213 (Westlaw through Pub. L. No. 119-88).  Moskal-Kanz raises several issues on appeal, among them that the court erroneously found in favor of Tidewater on her counterclaim without giving her an opportunity to be heard on the claim at trial.  Because we conclude that the court violated Moskal-Kanz's right to procedural due process

in its disposition of her counterclaim, we vacate the judgment in its entirety. Accordingly, we do not reach Moskal-Kanz's remaining arguments.

## I. BACKGROUND

### A. Facts

[¶2] The following facts are drawn from the procedural record and the trial court's findings of fact, which are supported by competent evidence in the record. *See Gen. Holdings, Inc. v. Eight Penn Partners, L.P.*, 2025 ME 20, ¶ 2, 331 A.3d 445.

[¶3] Moskal-Kanz owns a condominium unit in Old Orchard Beach that is part of the Tidewater Loft Condominium development. She took title to the unit through a warranty deed dated December 26, 2017. The unit was conveyed subject to the terms, conditions, and restrictions contained in Tidewater's Declaration of Condominium, dated April 6, 1987. The declaration provides that owners of condominium units must pay fees, charges, and assessments to Tidewater.

[¶4] Moskal-Kanz is in default of her obligations under the declaration. She owes Tidewater tens of thousands of dollars in unpaid association dues, expenses, and legal fees.

[¶5]  On March 11, 2022, Tidewater mailed Moskal-Kanz a notice of her right to cure her default.  She did not cure the default.

## B.  Procedure

[¶6]  On April 21, 2022, Tidewater filed a complaint for foreclosure and sale of Moskal-Kanz's unit.  Moskal-Kanz responded by filing an answer and counterclaim, alleging that her daughter resides in the unit, that her daughter has a disability requiring accommodations related to snow removal and trash disposal, and that Tidewater had agreed to provide the accommodations if Moskal-Kanz paid the fees she owed.  Moskal-Kanz alleged that Tidewater breached this agreement, as well as the declaration, and she also claimed that Tidewater had violated the Fair Housing Act and the Americans with Disabilities Act.  She asked the court to find that she was not in default, to decline to enter a judgment of foreclosure, and to "grant such other and further relief as the court may determine proper."

[¶7]  Several months later, in a motion seeking to join her daughter as a party to the litigation, *see* M.R. Civ. P. 19(a), Moskal-Kanz alleged that Tidewater had violated its own "by-laws and regulations" as well as the Fair Housing Act and the Americans with Disabilities Act.  The court (*Martemucci, J.*) denied the motion without prejudice on the basis that there was insufficient information

4

in the record to demonstrate that joinder of the daughter was required. In so doing, the court opined that Moskal-Kanz had nonetheless asserted a valid counterclaim; specifically, she had "invoked the [Fair Housing Act] and the [Americans with Disabilities Act] in tandem as both a counterclaim on behalf of her daughter and as a potential affirmative defense to the foreclosure action."

[¶8] In April 2023, the court held a conference at which it identified four issues to be addressed at trial. Among them was Moskal-Kanz's counterclaim, which the court framed as "Did [Tidewater] violate [the] terms and conditions of [the] condo declaration re[garding] [the Americans with Disabilities Act and Fair Housing Act]?"[1]

[¶9] Over two years later, in May 2025, the court (*Moskowitz, J.*) held a bench trial at which Moskal-Kanz appeared pro se. In a pretrial colloquy with the parties, the court characterized the issue identified at the April 2023 conference—"Did [Tidewater] violate [the] terms and conditions of [the] condo declaration re[garding] [the Americans with Disabilities Act and Fair Housing Act]?"—as "part and parcel of . . . the potential defenses" to foreclosure. When

---

[1] The court's framing appears to conflate what were in fact distinct allegations of Moskal-Kanz's counterclaim: (1) that Tidewater violated the terms and conditions of its declaration *and* (2) that it violated the Americans with Disabilities Act and the Fair Housing Act. This merger of the issues may have contributed to the confusion at trial, discussed below, about whether Moskal-Kanz had asserted a counterclaim.

Moskal-Kanz contended that the trial was also intended to address her counterclaim, the court disagreed, stating that the counterclaim was "not part of this trial." As a result, the court permitted the parties to litigate only the foreclosure issues.[2]

[¶10] The court subsequently entered a judgment of foreclosure and sale in favor of Tidewater.[3] *See* 33 M.R.S. § 1603-116(a) (2026). Of note, the court also entered judgment in favor of Tidewater on Moskal-Kanz's counterclaim, concluding that she had presented no persuasive evidence in support of the claim.

---

[2] When Moskal-Kanz attempted to cross-examine Tidewater's witness about provisions of the Fair Housing Act, the court shut down the inquiry, explaining that the "Americans with Disabilities Act and the Fair Housing Act . . . are not relevant to this particular litigation unless they're made relevant by virtue of the requirements in the condominium declaration." It told Moskal-Kanz that she "may have a separate cause of action with respect to violations of the Americans with Disabilities Act or the Fair Housing Act, but that's not at all relevant to this litigation today." This ruling ran counter to the court's (*Martemucci, J.*) earlier conclusion that Moskal-Kanz had "invoked the [Fair Housing Act] and the [Americans with Disabilities Act] . . . as . . . a counterclaim on behalf of her daughter."

[3] The court ordered Moskal-Kanz to pay Tidewater a total of $58,885.48 in association dues, expenses, and legal fees within ninety days. If she failed to pay the dues, expenses, and fees, Tidewater would be granted exclusive possession of the condominium unit to sell in order to recover the amount owed. While we do not address the merits of the court's order because we vacate the judgment of foreclosure and sale on other grounds, we note that the record does not fully support the court's award of attorney fees in the amount of $36,962.09. *See Villas by the Sea Owners Ass'n v. Garrity*, 2001 ME 93, ¶ 8, 774 A.2d 1115. Moskal-Kanz contends that of this total, $11,606.40 was incurred for legal services provided to Tidewater in connection with a separate Maine Human Rights Commission matter involving her daughter. Invoices admitted in evidence do indeed show that at least several thousand dollars in attorney fees that were included in the total awarded to Tidewater were related to the Maine Human Rights Commission matter and not to this case. It is not apparent from the record that the court had any basis for awarding those fees to Tidewater.

6

[¶11]   Moskal-Kanz timely appealed the judgment.  *See* M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶12]   Moskal-Kanz argues that the trial court erred by prohibiting her from presenting evidence in support of her counterclaim at trial and then subsequently entering judgment in favor of Tidewater on the counterclaim.  We agree.  Although Moskal-Kanz does not expressly frame it as such, we conclude that the trial court's failure to acknowledge Moskal-Kanz's counterclaim or permit her to present evidence in support of the claim was a violation of her right to procedural due process.

[¶13]   "We review claims regarding procedural due process de novo." *Citibank, N.A. v. Moser*, 2024 ME 19, ¶ 8, 314 A.3d 194.  "When significant rights are at stake, due process requires: notice of the issues, an opportunity to be heard, the right to introduce evidence and present witnesses, the right to respond to claims and evidence, and an impartial fact-finder."  *Jusseaume v. Ducatt*, 2011 ME 43, ¶ 12, 15 A.3d 714 (quotation marks omitted).

[¶14]   Here, the trial court simply did not permit Moskal-Kanz to introduce evidence or present witnesses in support of her counterclaim.  As discussed above, during the pretrial proceedings, the court (*Martemucci, J.*)

identified the counterclaim as one of the issues to be resolved at trial. *See supra* ¶¶ 7-8. Although the counterclaim accordingly remained a live issue ripe for adjudication, the trial court (*Moskowitz, J.*) gave Moskal-Kanz no opportunity to prove her claim before entering judgment against her.[4] Tidewater's contention that Moskal-Kanz was given "equal time" to present her case is unavailing because she was expressly told by the trial court that her counterclaim was "not part of this trial." We therefore vacate the court's judgment in favor of Tidewater on Moskal-Kanz's counterclaim.

[¶15] We further conclude that to remedy this due-process violation, we must also vacate the judgment of foreclosure. On the record before us, "we cannot say with certainty that the foreclosure is factually and legally independent from the counterclaim," and therefore we cannot determine whether the court properly entered a final judgment on Tidewater's complaint. *See Chase Home Fin. LLC v. Higgins*, 2008 ME 96, ¶¶ 8-12, 953 A.2d 1131 (concluding that a partial final judgment of foreclosure entered pursuant to M.R. Civ. P. 54(b)(1) was improper where the defendants' counterclaims had

---

[4] We recognize that the court had difficulty discerning the nature of Moskal-Kanz's counterclaim, perhaps because Moskal-Kanz was self-represented, and that this difficulty may have been compounded by the fact that the trial judge had not presided over the pretrial proceedings. Like any litigant, however, Moskal-Kanz was entitled to a full and fair opportunity to be heard. *See Citibank, N.A.*, 2024 ME 19, ¶ 8, 314 A.3d 194 ("The fundamental requirement of due process is that a party must be given notice and an opportunity to be heard," which "must be granted at a meaningful time and in a meaningful manner." (alteration and quotation marks omitted)).

8

not yet been adjudicated); *see also Wells Fargo Home Mortg., Inc. v. Spaulding*, 2007 ME 116, ¶¶ 1, 12, 930 A.2d 1025 (vacating foreclosure judgment because the defendants' "unresolved counterclaims are inextricably intertwined with the merits of the complaint" and noting that partial final judgments "should be entered only in limited and special circumstances" due to the "strong policy against piecemeal review of litigation" (quotation marks omitted)); *cf. Oak Hill Condos. v. Marchetti*, 2026 ME 31, ¶ 15, ---A.3d--- (observing that affirmative defenses to a foreclosure complaint were "the same as those that underpin a claim . . . against [the condominium association] for housing discrimination"). On remand, the trial court must give Moskal-Kanz an opportunity to present evidence in support of her counterclaim. Only then can and should the court assess whether to grant each of the parties the relief they seek.

The entry is:

> Judgment vacated. Remanded to the District Court for further proceedings consistent with this opinion.

---

Judith L. Moskal-Kanz, appellant pro se

Jonathan M. Flagg, Esq., Flagg Law, PLLC, Portsmouth, New Hampshire, for appellee Tidewater Loft Condominium Association

Biddeford District Court docket number RE-2022-16
FOR CLERK REFERENCE ONLY