1999 ME 52

## STAGE NECK OWNERS ASSOCIATION

### v.

### David POBOISK and Joan Jarvis.[1]

Supreme Judicial Court of Maine.

Argued March 3, 1999.

Decided April 5, 1999.

---

1. Marshall Jarvis was named as a defendant in plaintiff's complaint and judgment was issued against Marshall Jarvis in both District Court and Superior Court. Marshall Jarvis has not, however, joined in this appeal.

Sanford Roberts (orally), Roberts & Cohen, P.A., Portsmouth, NH, for plaintiff.

Bradley M. Lown (orally), Boynton Waldron Doleac Woodman & Scott, P.A., Portsmouth, NH, for defendants.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Defendants David Poboisk and Joan Jarvis appeal from the decision of the Superior Court (York County, *Crowley, J.*) affirming the summary judgment of the District Court (York, *Levy, J.*). The District Court ruled that plaintiff Stage Neck Owners Association's 1997 reserve fund assessment against condominium owners was valid, even though the earlier 1996 reserve fund assessment was invalid. On appeal, defendants challenge: (1) the court's holding that the 1997 reserve fund assessment was valid; and (2) the court's refusal to award them attorney fees even though they were the prevailing party with respect to the 1996 reserve fund assessment. We affirm the judgment.

[¶ 2] The facts as developed for purposes of the summary judgment may be summarized as follows: Defendants are condominium unit owners at the Stage Neck Colony Condominium. In August 1996, the Stage Neck Owners Association voted to create a reserve account and assessed each owner approximately $1000 for fiscal year 1996–1997. The Board of Directors of the Stage Neck Owners Association adopted the reserve fund assessment plan. Defendants questioned the validity of the Board of Directors vote, arguing that it violated the Association's by-laws in several respects, including that it was assessed on an annual rather than a monthly basis and was not calculated by percentage share of ownership in the condominium development. Defendants refused to pay the assessment.

[¶ 3] In apparent recognition of defendants' challenge, in April 1997, the Board voted to assess each condominium owner approximately $2000 in the fiscal year 1997–1998 for the reserve fund. Owners who had paid the 1996 assessment received credit toward the 1997 assessment. Defendants again challenged the assessment, this time on the grounds that the Board vote violated the Association by-laws because there were two vacancies on the five member Board at the time of the vote and that the assessment created a retroactive fee.

[¶ 4] Before the 1997 assessments, plaintiff Stage Neck Owners Association filed complaints against defendants and asked that the court:

1. Determine that the assessment voted by the Association and approved by the Board is a valid, legal assessment within the authority of the Board of Directors and can be enforced in accordance with the Condominium Declaration and By–Laws, and

2. Enter judgment in favor of the Plaintiff against the Defendants in the amount of $1208 plus statutory interest, costs and attorney's fees, and

3. For such other relief as may be deemed just.[2]

Both parties moved for a summary judgment, and, at the hearing, asked the court to determine the validity of the 1997 assessment that occurred after the plaintiff's complaint was filed but was discussed by both parties in their respective motions for summary judgment. The court ruled that the Board vote in 1996 violated the Association's by-laws and was therefore invalid but that the 1997 vote was valid and created an enforceable assessment against defendants.

[¶ 5] Defendants asked for attorney fees pursuant to the Maine Condominium Act, 33 M.R.S.A. § 1603–116(g) (1999). The court ruled that both parties were responsible for

---

2. Because the reserve fund assessment was based on each unit owner's percentage ownership of the condominium development, each defendant was assessed $1208 in 1996 and $2416 in 1997.

their own attorney fees, noting that defendants prevailed only with respect to the 1996 assessment, whereas plaintiff prevailed with respect to the 1997 assessment. On appeal, the Superior Court affirmed the District Court's judgment, and with respect to the claims for attorney fees, held that the statute did not apply because plaintiff's action sought to collect an assessment rather than to enforce a lien.

[¶ 6] We conclude that the District Court did not err in holding that the Board's 1997 assessment was valid. Although only three of the five director positions on the Board of Directors were filled at the time of the vote, the Association's by-laws did not prohibit the Board from taking action while there were vacancies on the Board. Furthermore, the fact that the Board credited the owners who paid the 1996 fee when assessing the 1997 fee is of no legal significance. The by-laws do not preclude the Board from imposing a retroactive assessment.[3]

[¶ 7] Defendants contend that the Maine Condominium Act required the court to award attorney fees because they prevailed, at least with respect to the 1996 assessment. We conclude that plaintiff's request for relief was broad enough to fall within the terms of the Act.[4]

[¶ 8] The Act provides in relevant part:

(a) The association has a lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes due. The association's lien may be foreclosed in like manner as a mortgage on real estate. . . .

. . . .

(d) Recording of the declaration constitutes record notice and perfection of the lien. No further recordation of any claim of lien for assessment under this section is required.

. . . .

(f) This section does not prohibit actions to recover sums for which subsection (a) creates a lien, or to prohibit an association from taking a deed in lieu of foreclosure.

(g) A judgment or decree *in any action or suit brought under this section shall include costs and reasonable attorney's fees for the prevailing party.*

33 M.R.S.A. § 1603–116 (emphasis added).

[¶ 9] "In construing a statute we look first to the plain meaning of the statutory language to give effect to legislative intent, and if the meaning of the statute is clear on its face, then we need not look beyond the words themselves." *Cook v. Lisbon Sch. Comm.*, 682 A.2d 672, 676 (Me. 1996). Section 1603–116 creates an automatic lien for any assessment levied against a condominium unit and establishes the process for enforcement. Plaintiff needed to do nothing more than record the declaration of condominium to provide record notice and perfect liens on defendants' condominium units for valid assessments. Although plaintiff did not, in its complaint, explicitly request the enforcement of the liens and reference the Act, it sought the validation of its 1996 assessment, which, if granted, in turn would give rise to an automatic lien. If defendants continued to refuse to pay the assessment after the court deemed it valid and entered a money judgment against defendants, plaintiff could arguably have proceeded to enforce the lien. Thus, plaintiff's request for relief in-

---

**3.** Defendants also argue that the Board's vote on the 1997 assessment violated the Association's by-laws because the vote was not preceded by a revised budget. In the District Court, defendants made this argument with respect to the 1996 assessment but not the 1997 assessment. Even if defendants had preserved this argument, however, the by-laws require only that if "the Board shall deem the amount of the membership assessments to be inadequate by reason of a revision in its estimate of either expenses or other income, the Board shall prepare and cause to be delivered to the members a revised estimated

annual budget." In this case, the Board did not deem the membership assessments to be inadequate, and thus no revised budget was required.

**4.** Defendants also argue that because plaintiff's complaint did not reference the 1997 assessment, that issue was not validly before the court and therefore plaintiff cannot claim attorney fees as the prevailing party on that issue. Because defendants agreed that the court should declare the validity of the 1997 assessment, defendants' argument on this point is without merit.

voked section 1603–116 and triggered the provision for attorney fees.

■ [¶ 10] Because the statute applies, the court was required to grant attorney fees to the prevailing party on each issue. Reviewing the record before us, there is competent evidence to support the finding that any fees defendants might be entitled to with regard to the 1996 assessment are less than the fees plaintiff would be entitled to in the 1997 assessment. On this record, defendants have failed to demonstrate that the court erred in any material way in offsetting the parties' claims for fees.

The entry is:

Judgment affirmed.