STATE OF MAINE  SUPERIOR COURT
CUMBERLAND, ss. CIVIL ACTION
DOCKET NO. CV-96-430

STATE OF MAINE
COUNTY OF YORK
CLERK'S OFFICE
RECEIVED

2000 DEC 21 P 1: 21

RAC-CUM-12/21/2000

VILLAS BY THE SEA OWNERS ASSOCIATION, dba
VILLAGE BY THE SEA OWNERS ASSOCIATION

Plaintiffs


v.                                                 DECISION AND ORDER


MICHAEL GARRITY and PATRICIA GARRITY,          DONALD L. GARBRECHT
Trustees of the CARM-J TRUST                    LAW LIBRARY

                    Defendants                    DEC 27 2000


This matter is before the court on Defendants' motion for the award of

attorney fees.

## I. Facts

This lawsuit stems from Michael and Patricia Garrity's use of a loft area

contained within their condominium unit at Villas-by-the-Sea in Wells, Maine.

Plaintiff Villa-by-the Sea Condominium Association (the "Association") sued the

Garritys to collect fines imposed by the Association for the Garritys' alteration and

use of a loft inside their unit (Count I). The Association also alleged that the

Garritys actions constituted trespass (Count II). The Garritys' counterclaimed that

the Association had breached a rental management agreement.

Following a bench trial on the issue of who owned the loft, a Declaratory

1

Judgment was entered establishing that the Garritys were the rightful owners. The Garritys subsequently moved for summary judgment and judgment was entered in their favor. On the Garritys' counterclaim for breach of contract, the court found for the Garritys. The Law Court affirmed.

## II. Discussion

The plain language of 33 M.R.S.A. § 1603-116 and case law confirm that the Garritys are entitled to attorney fees.

Section 1603-116(a) states that: "[t]he association has a lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes due. The association's lien may be foreclosed in like manner as a mortgage on real estate. Unless the declaration otherwise provides, fees, charges, late charges, fines and interest charged pursuant to section 1603-102, subsection (a), paragraphs (10, (11) and (12) are enforceable as assessments under this section."

Section 1603-102(a)(11) states that: "Subject to the provisions of the declaration, the association may: impose charges for late payments of assessments and, after notice and an opportunity to be heard, levy reasonable fines for violations of the declaration, bylaws and rules and regulations of the association."

Section 1603-116(f) states that: "[t]his section does not prohibit actions to recover sums for which subsection (a) creates a lien, or to prohibit an association from taking a deed in lieu of foreclosure."

Section 1603-116(g) states that: "[a] judgment or decree in any action or suit brought under this section shall include costs and reasonable attorney's fees for the prevailing party."

As a matter of statutory construction, a court will look first to the plain meaning of the statutory language to give effect to legislative intent. See Stage Neck Owners Ass'n v. Poboisk, 1999 ME 52, ¶ 9, 726 A.2d 1261, 1263. If the meaning is clear on its face, then we need not look beyond the words themselves. See id.

2

In the present case, the controversy regarding the statutory language focuses on 33 M.R.S.A. §1603-116(f). The Association argues that §1603-116(f) allows the Association to elect a remedy outside of the lien foreclosure process, thereby removing the present case from the purview of §1603-116. In contrast, the Garritys argue that the plain language of the Maine Act and the Uniform Condominium Act, upon which the Maine Act was based indicates that §1603-116(f) contemplates actions short of foreclosure.

Comment three to §1603-116(f) states: "[s]ubsection (f) makes clear that the association may have remedies short of foreclosure of its lien that can be used to collect unpaid assessments. The association, for example, might bring an action in debt or breach of contract against a recalcitrant unit owner rather than resorting to foreclosure." This Court finds that the plain meaning of §1603-116(f) and the accompanying comment indicates that subsection (f) does contemplate that actions other than foreclosure will fall within the purview of §1603-116. As well, §1603-116(a), which references §1603-102(a)(11), would seem to plainly contemplate that actions to enforce violations of the Declaration and Rules and Regulations fall under §1603-116.

The Association also argues that it did not assert a lien and was not attempting to assert a lien. In Stage Neck Owners Association v. Poboisk, 1999 ME 52, 726 A.2d 1261, a condominium owners association filed complaints against a delinquent condominium owner, asking that the court (i) determine that a reserve

3

fund assessment was valid; and (ii) enter judgment in favor of the Association in the amount of the assessment, plus statutory interest. The Association did not, in its complaint, explicitly request enforcement of liens and reference the Condominium Act. However, the Law Court found that if validation of the Association's assessment was granted, it would have given rise to an automatic lien. If the condominium owners refused to pay the assessment after the court deemed it valid and entered judgment against the owners, the Association could proceed to enforce the lien. Thus, plaintiffs' request for relief invoked §1603-116 and triggered the provision for attorney's fees.

In this case, the Association also argues that its request for relief was not sought pursuant to 33 M.R.S.A. § 1603-116. As noted above however, §1603-116 can be triggered even though not specifically referenced. The Association also maintains that Count I of the Complaint merely seeks a court order requiring the defendants to restore the area in question and enjoin them from further use of the area. However, Count I also requests that the court order the Garritys "to pay to Plaintiff a fine in the amount of $25.00 for each day of such violation after December 7, 1995." This fine was sought for alleged violations of the Declaration and/or Rules and Regulations/Bylaws. As such, these assessments fall within §1603-116(a).

### III. Conclusion

I have reviewed the affidavit of Charles March, Esq. and Peter Clifford, Esq. and the itemized bill of Peter L. Thompson Esq. I find both the number of hours expended in this litigation and the hourly fee are reasonable and consistent with

4

similar services provided by others in the marketplace. I further find that the novelty and difficulty of the questions presented in this litigation, the amount at stake and the results obtained support the Defendants' attorney request for counsel fees. I therefore find that the Defendants are entitled to an award of attorney fees in the amount of $15, 031.90. At the direction of the Court, this Order shall be incorporated into the docket by reference. Rule 79(a).

Date: December 𝒵𝒪 , 2000

Roland A. Cole
Justice, Superior Court

D. W. Parkinson, Esq. - PL
P. L. Thompson, Esq. - DEFS

5