2001 ME 93

**VILLAS BY THE SEA OWNERS ASSOCIATION**

v.

**Michael GARRITY et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: May 29, 2001.
Decided: June 21, 2001.

Durward W. Parkinson, Esq., Bergen & Parkinson, LLC, Kennebunk, for plaintiff.

Peter L. Thompson, Esq., Coles & Thompson, LLC, Kennebunk, for defendants.

Panel: WATHEN, C.J., and RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Villas by the Sea Owners Association appeals from a judgment entered in the Superior Court (York County, *Cole, J.*) awarding attorney fees to Michael and Patricia Garrity. Finding no error of law or abuse of discretion, we affirm the judgment of the trial court.

[¶ 2] This is the parties' second appearance before us. In *Villas By Sea Owners Association v. Garrity (Villas 1)*, 2000 ME 48, 748 A.2d 457, we affirmed the judgment of the trial court finding that the Garritys' unit did, in fact, include the "loft." The Association had brought a suit claiming that (1) the space above the Garritys' unit, referred to by the parties and by us as the "loft," was common area; and (2) that the Garritys were excluding other unit owners from using that area by their occupancy thereof. The Association also sought a fine against the Garritys for their alleged violation of the condominium declaration.

[¶ 3] Based upon our decision in *Villas 1*, the Garritys filed a motion for and were granted attorney fees pursuant to 33 M.R.S.A. § 1603–116. "Generally, attorney fees may only be awarded where there is a contractual relationship allowing for the award of such fees or where there is explicit statutory authorization." *Mancini v. Scott*, 2000 ME 19, ¶ 10, 744 A.2d 1057, 1061 (citing *Poussard v. Commercial Credit Plan, Inc. of Lewiston*, 479 A.2d 881, 883 (Me.1984)). The Maine Condominium Act explicitly provides that "[a] judgment or decree *in any action or suit* brought under this section shall include costs and reasonable attorney's fees for the prevailing party." 33 M.R.S.A. § 1603–116(g) (1999) (emphasis added). The question then, is whether the Association's suit, and the Garritys' resulting counterclaim, fall within the purview of the statute.

[¶ 4] In construing a statute, we " 'look first to the plain meaning of the statutory language to give effect to legislative intent, and if the meaning of the statute is clear on its face, then we need not look beyond the words themselves.' " *Stage Neck Owners Ass'n v. Poboisk*, 1999 ME 52, ¶ 9, 726 A.2d 1261, 1263 (quoting *Cook v. Lisbon Sch. Comm.*, 682 A.2d 672, 676 (Me.1996)).

[¶ 5] In *Stage Neck Owners Association*, we stated:

[s]ection 1603–116 creates an automatic lien for any assessment levied against a condominium unit and establishes the process for enforcement. Plaintiff needed to do nothing more than record the declaration of condominium to provide record notice and perfect liens on defendants' condominium units for valid assessments. Although plaintiff did not, in its complaint, explicitly request the enforcement of the liens and reference the Act, it sought the validation of its 1996 assessment, which, if granted, in turn would give rise to an automatic lien. If defendants continued to refuse to pay the assessment after the court deemed it valid and entered a money judgment against defendants, plaintiff could arguably have proceeded to enforce the lien. Thus, *plaintiff's request for relief invoked section 1603–116 and triggered the provision for attorney fees.*

*Id.,* 1999 ME 52, ¶ 9, 726 A.2d at 1263–64 (emphasis added).

[¶ 6] This case was first initiated when the Association sued seeking a judgment declaring that the Garritys' use of the loft area violated the condominium declaration because the loft is a common area. The complaint sought a court order requiring the Garritys to pay the Association a "fine in the amount of $25.00 per day for each day of such violation after December 7, 1995[.]"[1] In response, the Garritys filed an answer and an amended answer, asserting, *inter alia,* a counterclaim seeking a declaratory judgment that the loft space was not a common area.

[¶ 7] For the trial court to consider the issue of whether the Garritys were liable to the Association for the $25.00 per day fine, the court first had to determine who owned the loft. Moreover, as the Garritys aptly state, ". . . the primary purpose of the Association's lawsuit was to collect the assessments that the Association imposed against the Garritys for their use and alteration of the loft area." If the Association had not sought to fine the Garritys for using the loft area, the Garritys would not have been forced to seek a declaratory judgment to quiet title to the area. Therefore, as we stated in *Stage Neck Owners Association,* the fines levied by the Association pursuant to section 1603–116 triggered the attorney fees provision. *See* 33 M.R.S.A. § 1603–116(g). Because the Garritys were the prevailing party on the underlying action, the trial court did not err in awarding them attorney fees pursuant to 33 M.R.S.A. § 1603–116.

[¶ 8] The Association further argues that the trial court exceeded the bounds of its discretion when it awarded the Garritys $15,031.90 in attorney fees.

We review the trial court's determination of attorney fees for an abuse of discretion. *Saucier v. Allstate Ins. Co.,* 1999 ME 197, ¶ 34, 742 A.2d 482, 492 (citations omitted). When determining an appropriate amount of attorney fees the trial court is to consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services; (4) the preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Mancini,* 2000 ME 19, ¶ 10, 744 A.2d at 1061 (quoting *Poussard,* 479 A.2d at 884).

[¶ 9] The trial court's well-reasoned order reflects that it properly considered the *Poussard* factors as discussed in *Mancini.* The court concluded that,

> I have reviewed the affidavit of Charles March, Esq. and Peter Clifford, Esq. and the itemized bill of Peter L. Thompson, Esq. I find both the number of hours expended in this litigation and the hourly fee are reasonable and consistent with similar services provided by others in the marketplace. I further find that the novelty and difficulty of the questions presented in this litigation, the amount at stake and the results obtained support the Defendants' attorney [sic] request for counsel fees. I therefore find that the Defendants are entitled to

---

1. The Declaration of Condominium provides for a $25.00 per day fine for violations of the rules regulating common areas in the condominiums.

an award of attorney fees in the amount of $15,031.90 . . . .

[¶ 10] Based on the record evidence, the trial court did not exceed the bounds of its discretion when it awarded the Garritys $15,031.90 in attorney fees.

The entry is:

Judgment affirmed.