*append.*
**ENTERED** NOV 1 8 2014

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
DOCKET NO. CV-12-250
*RE*
*JON-YOR-11-07-14*

ROBERT G. HARRINGTON and
BETH E. MCDERMOTT
HARRINGTON,

        Plaintiffs,

    v.

        **ORDER**

SEASIDE CONDOMINIUM
ASSOCIATION et al.,

        Defendants.

## I.    Background

### A. Procedural Posture

Plaintiffs Robert G. Harrington and Beth E. McDermott Harrington ("the

Harringtons") bring this suit against the Seaside Condominium Association ("Seaside" or

"the Association") and several of its officers, alleging they violated provisions of the

governing documents, improperly accounted for various fees assessed and assessed some

in a discriminatory manner, and that use of an easement by other units for utility access

damaged the Harringtons' unit. (Compl. 3.) The complaint further seeks injunctive relief

ordering Seaside to comply with the governing documents. Seaside answered,

counterclaimed for unpaid condominium fees, and moved to dismiss. Before the court is

Seaside's motion for summary judgment on its counterclaim.

1

## B. Facts

The parties agree on the following facts. Seaside Condominium is a condo complex in York, Maine. The Declaration of the Seaside Condominium Association is recorded in the York County Registry of Deeds ("the Registry") at Book 4554, Page 198-240. (Def.'s S.M.F. ¶ 1.) The Harringtons purchased Unit #1 ("the Harrington Unit") on March 18, 2008. (Def.'s S.M.F. ¶ 3.) The Harrington Unit deed is recorded at Book 15377, Page 139 and references the Seaside Condominium Declaration. (Def.'s S.M.F. ¶ 4.) On March 22, 2012, Seaside filed a lien on the Harrington Unit for unpaid assessments. (Def.'s S.M.F. ¶ 6.)[1]

Article 3, Section 3.3(c) of the Declaration, which governs maintenance responsibilities states:

> Water service to all Units will be included in the Common Expenses. Electric and propane gas service to units 4 through 9 will be charged as a Limited Common Expense to those six Units and such charges will be allocated equally among such Units. Electric service to Unit 1 through 3 and sewer, telephone and cable television service to all Units will be separately metered and each such unit owner shall be responsible for the cost of such services furnished to his Unit.

(Pl.'s S. Addt'l M. F. ¶ 22.) Article 5, § 5.2 governing common expenses states:

> The liability of each Unit for the Common Expenses of the Condominium shall be the same percentage share as the Percentage Interest set forth on Exhibit B, and as such shall be determined by dividing the approximate square footage of each Unit as of the date of the Declaration (exclusive of Limited Common Elements) by the total square footage of all the Units (exclusive of Limited Common Elements) in the Condominium.

(Pl.'s Mem. Opp. Mot. Summ. J., Ex. A). Exhibit B sets forth that Unit 1, the Harrington Unit, is approximately 2,018 square feet and therefore the percentage governing property

---

[1] The parties dispute nearly every other material fact asserted by Seaside in support of its motion for summary judgment. Those facts related to the manner in which the assessments were calculated and administered, which the Harringtons assert was erroneously conducted. (Pl.'s Reply Def.'s S.M.F. ¶¶ 7-27.)

2

interest stake, voting power, and Common Expense liability (excluding Limited Common Elements) is 38.7%. *Id.*[2]

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56. "A material fact is one having the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573. Where there is sufficient evidence to support competing versions of material facts, the outcome must be decided by the factfinder at trial. *Id.*

### B. Validity of the Fees Assessed to the Harrington Unit

The issue in this case is whether Seaside has properly allocated expenses in assessments, specifically with regards to utility costs. In the Harringtons' view, starting in 2011, an amendment[3] was made to the Declaration that improperly allocated utility costs based on certain percentages, rather than separately metering the units. (Pl.'s S. Addt'l M. F. ¶¶ 20-25; Pl.'s Mem. Opp. Summ. J. 6.) The Harringtons point to minutes from a 2007 Association meeting explaining their understanding of Seaside's assessment allocation methodology.[4] The Harringtons contend Tony LaRosa, then President of the

---

[2] Exhibit B states "The percentage is derived by dividing the approximate square footage of each Unit (exclusive of Limited Common Elements) by the total square footage of all Units (exclusive of Limited Common Elements) and multiplying the result by 100."

[3] The Harringtons assert evidence of an amendment precludes summary judgment. (Pl.'s Mem. Opp. Summ. J. 5.) ("[B]ased on the Association's admission to Plaintiffs that it had amended the Declaration, a factfinder could determine that the Association did in fact modify the Declaration to incorporate the established methodology in use through 2011.")

[4] This methodology accounted for the fact the complex is composed of two buildings: "the House" (units 1, 2, and 3) and "the Motel Building" (units 4 through 9). Rather than calculating the square footage and percentage allocation of Seaside as a single space, it appears the methodology conducted separate calculations for each building. (Pl.'s S. Addt'l M. F. ¶ 5.)

Association, represented that this methodology was in effect and the Declaration would be amended to reflect this change. (Pl.'s S. Addt'l M. F. ¶¶ 3-10.)

Seaside denies that any amendments were made, all meetings and budgets were legal, and all business was conducted in accordance with the Declaration and Bylaws of the Association. (See Def.'s S.M.F. ¶¶ 8-28.) In moving for summary judgment on its counterclaim, Seaside seeks the full amounts assessed by the Association to date. The Harringtons have refused to pay more than the 2011 assessment amount, and Seaside seeks the difference. (Def.'s Reply Pl.'s Opp. Summ. J. 3-4.)[5]

## 1. The Purported Amendment to the Declaration

Whether a condominium's declaration of rights is ambiguous is a question of law. *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 10, 878 A.2d 504 (citations omitted). "Language is considered to be ambiguous if it is reasonably susceptible to different interpretations." *Acadia Ins. Co. v. Buck Const. Co.*, 2000 ME 154, ¶ 9, 756 A.2d 515. If ambiguous, interpreting that language is a question of fact. *Farrington's Owners' Ass'n*, 2005 ME 93, ¶ 10, 878 A.2d 504.

---

[5] Seaside also presses in its Reply that (1) a civil complaint filed by the Harringtons in a separate case against the Realty Company, and (2) a complaint filed with the Maine Department of Professional and Financial Regulation Real Estate Commission contain facts that contradict the Harringtons' positions in this litigation. (Def.'s Reply Pl.'s Opp. Summ. J. 1-2.) This argument lacks merit. According to Seaside, the Harringtons cannot simultaneously argue the fees were invalid and improperly assessed in this case, while also asserting in these other matters that the Realty Company failed to disclose the fees the Harringtons would incur as owners of their unit. The civil complaint alleges York Realty Co. and other named parties breached obligations to provide various documents, including the Association's budget calculation, and failed to fully and truthfully advise them in their purchase of the Condominium. (Def.'s Reply Pl.'s Opp. Summ. J., Ex. A. at 3.) In neither document is there an admission, express or implied, that the specific fee amounts sought by Seaside in this case are valid. Instead, the complaints generally allege York Realty Co. failed to provide information or provided false information. If the Harringtons are ultimately found responsible for the difference in the fees here, that could be relevant to those proceedings, but at the present stage in this case, the court need not speculate. The Harringtons are entitled to pursue their rights against the Realty Company.

4

The Harringtons' allegations largely rely on the theory the Declaration was "amended" based on oral representations by Tony LaRosa, and the apparent methodology for calculating budgets and assessments prior to 2012. (Pl.'s S. Addt'l M. F. ¶¶ 3-10.; Pl.'s Mem. Opp. Mot. Summ. J. 4.) It is undisputed that an amended Declaration was never filed or recorded at the Registry of Deeds. (Pl.'s Resp. Def.'s S.M.F. ¶ 2.) The Harringtons do not contend that the assessments were contrary to the recorded Declaration, but rather that the assessments are "contrary to the methodology used prior to that time." (Pl.'s Mem. Opp. Mot. Summ. J. 4.)

Even assuming that Tony LaRosa made these representations and these representations can be imputed to the Association,[6] the Harringtons' argument fails as a matter of law. The Condominium Act explicitly provides "Every amendment to the declaration must be recorded and is effective only upon recordation." 33 M.R.S. § 1602-117(c). While the Harringtons argue the Declaration is a contract, and thus could conceivably be amended without a writing, Pl.'s Mem. Opp. Mot. Summ. J. 5, the express language of the Condominium Act controls.

The Declaration as recorded and in effect is therefore the proper measure for the validity of the assessments in this case.

### 2. Whether the Assessments Were Proper

Having concluded that an oral representation could not have amended the Declaration, there remains whether the methodology used to calculate the budget and make assessments was proper under Maine law and the Declaration. Under the Maine Condominium Act,

---

[6] This is not very clear, as the Harringtons do not explain when, where, or how the representation was made.

The declaration shall allocate a fraction or percentage of undivided interests in the common elements and in the common expenses of the association and a portion of the votes in the association to each unit and state the formulas used to establish those allocations.

33 M.R.S. § 1602-107.

The manner in which the Association interpreted and implemented the Declaration and Bylaws on budgeting and assessment calculations is a factual question. Viewing the summary judgment record before the court, it remains unclear why the Harrington assessment more than doubled after 2011, how the assessments were calculated pre- and post-2011, and whether those calculations remained consistent with the Declaration and Bylaws. The court has no obligation to search the record outside the statements of material facts. *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶9, 770 A.2d 653. Seaside principally relies on the affidavits of Sean Nolan, Treasurer of the Association Board, and Nancy Tewksbury, President of the Board. These affidavits declare without any further explanation that the budgets and assessments were accurate and in accordance with the governing documents. (Def.'s S.M.F. ¶ 18: "The budgets from 2011 through 2014 were passed in accordance with the Declaration and Bylaws.") Conclusory assertions do not entitle Seaside to summary judgment: "Conclusions of fact and law do not properly belong in an affidavit filed in support of a motion for summary judgment. Nor should a movant rely upon statements purporting to . . . interpret the contents of documents." *Town of Orient v. Dwyer*, 490 A.2d 660, 662 (Me. 1985) (citations omitted). It is undisputed that the Harrington Unit was responsible for a 38.7% assessment of common expenses (excluding limited common elements), Def.'s S.M.F. ¶ 5, but the parties' affidavits dispute how this percentage was to be applied to what utilities. *Abbott*

6

*v. LaCourse*, 2005 ME 103, ¶ 10, 882 A.2d 253 ("Trial by affidavit when there are issues of fact in dispute is inappropriate.").

At a minimum, the Association has not followed Article 3, Section 3.3(c) of the Declaration, which requires electric, sewer, telephone, and cable services be separately metered. Seaside points out "there are no separate meters, which makes it impossible completely [sic] separate the utilities." (Def.'s Resp. Pl.'s Addt'l S.M.F. ¶ 23.) While perhaps a valid practical explanation, failing to separately meter these utilities contravenes the express terms of the Declaration and raises questions as to whether costs were allocated equitably. In lieu of separate metering, Seaside has divided utilities "by square footage of ownership in accordance with the spirit of 5.3(a) of the Bylaws." It is not clear the methodology used to calculate those allocations comports with the "spirit" of that provision. If the Association's allocation methods changed without amending the Declaration, and the allocation method remained consistent the Declaration, the Declaration is reasonably susceptible to more than one interpretation and thus ambiguous. An ambiguous condominium declaration provision presents a question of fact—adequate grounds to deny summary judgment. *Farrington's Owners' Ass'n*, 2005 ME 93, ¶¶ 10, 14, 878 A.2d 504.

In sum, disputed issues of material fact remain that preclude the entry of summary judgment on Seaside's counterclaim. While the Harringtons raise a number of allegations in their suit, the narrow issue remaining in this case is whether the assessments are valid under the Declaration, the Bylaws, and the Maine Condominium Act. If Seaside ultimately prevails, the Harringtons may be liable for attorney's fees pursuant to the Act. 33 M.R.S. § 1603-116(g) ("A judgment or decree in any action or suit brought under this

7

section shall include costs and reasonable attorney's fees for the prevailing party."); *see also Stage Neck Owners Ass'n v. Poboisk*, 1999 ME 52, ¶¶ 9-10, 726 A.2d 1261.

The clerk will make the following entry, by reference, on the docket:

The Defendants' Motion for Summary Judgment on the counterclaim for outstanding assessments is hereby DENIED.

SO ORDERED.

DATE: 11/7/2014

_____
John O'Neil, Jr.
Justice, Superior Court

8

RE-12-250

ATTORNEY FOR PLAINTIFF:
MARSHALL J TINKLE
HIRSHON LAW GROUP PC
208 FORE STREET
PORTLAND ME 04101

ATTORNEYS FOR DEFENDANT SEASIDE CONDOMINIUM ASSOCIATION:
MATTHEW W HOWELL
JOSEF P WINKLER
CLARK & HOWELL LLC
PO BOX 545
YORK ME 03909

ATTORNEYS FOR DEFENDANTS AGNES LAROSA, NICHOLAS G XENOS AND
NANCY H TEWKSBURY:
MARTICA DOUGLAS
CHRISTINE KENNEDY-JENSEN
DOUGLAS DENHAM BUCCINA & ERNST
PO BOX 7108
PORTLAND ME 04112-7108

STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                         CIVIL ACTION
                                                  DOCKET NO. RE-12-250
ROBERT HARRINGTON,              )                 D/J -YOR- 6/18 2013
                                )
            Plaintiff,          )
                                )
      v.                        )                 ORDER
                                )
SEASIDE CONDOMINIUM             )
ASSOCIATION, et al,             )
                                )
            Defendant.          )


I.    Background

      Plaintiff owns unit #1 in the Seaside Condominium in York, Maine. The Seaside

Condominium has nine units, unit #1 holds a 38.7% interest in the condominium, units #2 & 3

each hold approximately 9%, and units # 4-9 each hold approximately 7% each. Plaintiff's unit

includes the basement of the building, however, there is an easement over part of the basement

area for the owners of units #2 & 3 to reach to utility installations. Plaintiff alleges that the condo

fees for the current year were improperly assessed in violation of the condominium's governing

documents. Plaintiff paid fees according to those assessed in 2011, and argues that the fees

which Plaintiff has not paid have improperly been attached to Plaintiff's condo. Plaintiff also

alleges that the easement over part of his unit has been overused. Plaintiff asks the Court to order

the Association to:

    1) adhere to the condominium governing documents,
    2) reassess the 2012 and 2013 budget and remove all liens on Unit #1,
    3) acknowledge Plaintiff's rights to exclusive use of the basement and parking spots,
       and to clarify those rights in the condominium governing documents,
    4) an audit of the Associations financial records for the last 4 years and repayment of
       any Association monies inappropriately paid out,
    5) separate access be provided to the units #2 & 3 utility installation through unit #3 or
       eliminate access rights through unit #1,
    6) reimburse Plaintiff's legal fees and costs for having to bring this action,

1

7) any other relief the Court deems just.

Defendant moves the Court to dismiss the case for failure to state a claim upon which relief may be granted.

## II.   Standard of Review

The purpose of a motion to dismiss is to determine the legal sufficiency of the complaint. *Livonia v. Town of Rome*, 707 A.2d 83, 85 (Me. 1998). The Court will review the motion in the light most favorable to the plaintiff, taking the facts as stated in the complaint to be true. *Id.* The Court will grant a motion to dismiss only where "it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claims." *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994) (citations omitted).

## III.   Discussion

### A.   Condominium Fees

Plaintiff argues that the condominium fee has been improperly assessed. Currently, Plaintiff holds a 38.7% interest in the condominium. According to the governing document, Plaintiff must pay fees according to their interest in the condominium. Bylaws s.5.3. The fees are a division of the final budget, which is determined by the Executive Board of the Association, subject to disapproval of the unit owners. Bylaws s.5.2. Plaintiff is contesting his fees in comparison to other unit owners in the condominium, however, Plaintiff has not offered the actual monetary amount of fees charged Plaintiff and fees charged other unit holders to the Court. Nonetheless, due the nature of notice pleading the Court will deny Defendant's Motion to Dismiss and allow Plaintiff the opportunity to prove its claim.

### B.   Basement Easement

2

Where an easement is being used for something other than its intended purpose, a party may seek relief from the court. The Court will not rewrite easement agreements "The construction of language in an easement deed is a question of law. If the language of the deed is unambiguous, the scope of a party's easement rights is determined solely from that language." *Maritimes & Ne. Pipeline, LLC v. Echo Easement Corridor, LLC, 604 F.3d 44* (1st Cir. 2010), citing *Crispin v. Town of Scarborough,* 736 A.2d 241, 249 (Me.1999) Plaintiff has not specifically pled that the easement is being used for its intended purpose – to access the utility installations . Furthermore, according to the pleadings of both parties, there is an easement across part of unit #1 for unit #2 & 3 to access utility installations. However due to the fact of notice pleading , the Plaintiff may use discovery to attempt to flesh out any theory that there may be an overburdening of an existing easement  and to attempt to establish a basis for the requested relief. The motion is accordingly denied at this time.[1]

IV.    Conclusion

Defendant's Motion to Dismiss is DENIED.

DATE:  6/1f/13

<img>signature</img>

John O'Neil, Jr.
Justice, Superior Court

---

[1] The Court  is however currently unaware of any theory of liability or lawful authority which would allow as a remedy the rewriting of the Condominium's Declaration or Bylaws to order the Association to create a new access to that area in order to make the easement unnecessary.

3

ATTORNEY FOR PLAINTIFFS:
SANFORD ROBERTS
SANFORD ROBERTS PA
PO BOX 4608
PORTSMOUTH NH  03802


ATTORNEY FOR DEFENDANTS:
MARTICA DOUGLAS
CHRISTINE KENNEDY-JENSEN
DOUGLAS DENHAM BUCCINA & ERNST
PO BOX 7108
PORTLAND ME  04112-7108


ATTORNEY FOR DEFENDANT SEASIDE CONDOMINIUM ASSOCIATION;
MATTHEW HOWELL
CLARK & HOWELL
PO BOX 545
YORK ME  03909

STATE OF MAINE                                 SUPERIOR COURT
YORK, SS.                                      CIVIL ACTION
                                               DOCKET NO. RE-12-250
ROBERT HARRINGTON AND BETH )                   ꝪON-YOR — 12/18/2013
E. McDERMOTT HARRINGTON,   )
                           )
        Plaintiffs,        )
                           )
    v.                     )                   ORDER
                           )
SEASIDE CONDOMINIUM        )
ASSOCIATION, et al,        )
                           )
        Defendants.        )

I.      Background

Plaintiffs have brought this action against Defendants in order to challenge the condominium fees

assessed against their condominium and the use of an easement across their condominium. Plaintiffs have

filed Motions for Sanctions against Attorney Josef Winkler and Attorney Christine Kennedy-Jensen,

Motions to Compel, Motions to Waive Alternative Dispute Resolution, a Motion to Compel Registered

Agent to Refile Annual Report, and a Motion for Hearing on the Motions. Defendants have moved the

court for costs and fees associated with Plaintiffs' Motions for Sanctions and have moved the court to

declare Plaintiff Robert Harrington in violation of the rule prohibiting the unauthorized practice of law.

The Court raises, *sua sponte*, the issue of the "assented" to proposed orders submitted by Plaintiffs.

II.     Discussion

    A. Plaintiffs' Motion for Sanctions against Attorney Josef Winkler

Plaintiffs have moved the court for sanctions against Attorney Josef Winkler on the basis that he filed

with the court a cover letter to Attorney Kennedy-Jensen's 26(g)(2) Motion requesting an order to compel

discovery. Attorney Winkler's law firm had already entered an appearance in the small claims case,

which had been consolidated with the present matter. Plaintiffs contend that Attorney Winkler's action

was fraudulent because he did not personally enter an appearance prior to filing the letter with the court,

and that they were damaged because they had to return to Maine to address Attorney Winkler's request.

1

The court takes all allegations of attorney misconduct very seriously. However, Attorney Winkler's conduct pointed to by Plaintiffs is entirely compliant with the rules. Plaintiffs' sustained finger pointing, insisting that Attorney Winkler acted willingly and knowingly in an attempt to defraud Plaintiffs, is without merit. The court expects parties to disagree on the merits of the case and to strongly advocate for their opinions. Nordberg, Inc. v. Telsmith, Inc., 82 F.3d 394, 398 (Fed. Cir. 1996). The court also expects parties to express these positions civilly, and without personal attack. See Id.

B. Plaintiffs' Motion to Compel

Plaintiffs have moved to compel the requests made by Plaintiffs of Defendants in a letter dated October 27, 2013.[1] Plaintiffs argue that because the requests are for information and documents requestable through the Maine Condominium Act, the Plaintiffs' request is made pursuant to the Act and therefore Defendants have only the 10 days permitted in the Act to provide the information and documentation. 33 M.R.S. § 1603-118 (b)(2) (2012). Defendants argue that Plaintiffs have made a mixed discovery request for documents and interrogatories. Therefore, Defendants argue that they have the 30-days permitted by Rules 33 and 34 of the Maine Rules of Civil Procedure to provide the information and documentation. M.R. Civ. P. 33 & 34.

Blacks Law Dictionary defines discovery as: "[c]ompulsory disclosure, at a party's request, of information that relates to the litigation." Black's Law Dictionary (9th ed. 2009). Furthermore, The Condominium Association has the right to withhold information that would otherwise be subject to inspection pursuant to the Condominium Act if it pertains to ongoing litigation. 33 M.R.S. § 1603-118 (c)(3) (2012). Because Plaintiffs have made the requests for information as part of their case, the requests are categorized as discovery, and are exempt from inspection pursuant to the Condominium Act. They are afforded the timeline set out in the Maine Rules of Civil Procedure.

Finally, Rule 26(g) requires parties to confer with one another in good faith prior to involving the court in disputes over discovery. Not only did Plaintiffs fail to civilly discuss their dispute with

---

[1] Plaintiffs have moved the court to compel or raised Defendant's alleged non-compliance with their requests six separate times.

2

Defendants' counsel prior to filing their Motion to Compel, Plaintiffs threatened to involve the court in the discovery process in their initial written request for information and documents. This motion is not compliant with the Maine Rules of Civil Procedure. Plaintiffs' motion to compel is denied.

C. Plaintiffs' Motion for Sanctions against Attorney Christine Kennedy-Jensen

Plaintiff has moved for sanctions against Attorney Christine Kennedy-Jensen for failing to respond to Plaintiffs' requests as set forth in the October 27th letter in the time set by Plaintiffs. As Plaintiff did not afford Defendants the time allotted by the Maine Rules of Civil Procedure for discovery requests, Defendants' were not required to respond by the date appointed by Plaintiff. Because Defendants were not required to respond by the date appointed by Plaintiff, Defendants' attorney, Attorney Christine Kennedy-Jensen, has acted in an appropriate manner. Plaintiffs' motion for sanctions is inappropriate.

The court reiterates the seriousness of allegations of attorney misconduct and the expectation that parties will civilly advocate for the merits of their respective positions. The court denies Plaintiffs' motion for sanctions.

D. Plaintiffs' Motion to Waive Alternative Dispute Resolution

Plaintiff moves the court to waive the required Alternative Dispute Resolution. Rule 16B of Maine Rules of Civil Procedure requires all contested civil actions be subject to the alternative dispute resolution process. M.R. Civ. P. 16B. Plaintiffs argue that mediation should be waived because "Defendants choose not to plan to mediate in good faith as is evidenced by the record in the case file and as evidenced by the documentation provided in this Motion to Waive ADR." Defendants oppose the waiver of ADR, arguing that they hope to mediate in good faith. The court takes Defendants at their word, that they plan to mediate in good faith. The court denies Plaintiffs' motion to waive Alternative Dispute Resolution.

E. Plaintiff's Motion to Compel Registered Agent to Refile Annual Report

Plaintiff has moved the court to compel Defendant Seaside Condominium Association's registered agent to refile its annual report alleging that the registered agent registered the association as a nonprofit corporation in good standing when it was not, in fact, in good standing. As explained in Defendant's opposition, a registered agent does not make the determination of whether a nonprofit corporation is in

3

good standing. The Maine Secretary of State makes the determination. The court has no reason to second guess the Maine Secretary of State's acceptance of the Seaside Condominium Association's Annual Report as complete or to doubt the determination made by the Maine Secretary of State that the Association is in good standing. The court denies Plaintiff's Motion to Compel Registered Agent to Refile Annual Report.

### F. Unauthorized Practice of Law and Draft Orders

Defendants argue that Plaintiff Robert Harrington, Ph. D., is not an attorney and may not enter an appearance on behalf of his wife, Beth Harrington. "No person may practice law or profess to practice law within the State or before its courts... unless that person has been admitted to the bar of this State". 4 M.R.S. § 807(1) (2012). The unauthorized practice of law is a class E crime. Id. at § 807(2). This rule does not apply to an individual representing him or herself. Id. at § 807(3)(b). Ms. Beth Harrington must sign all filings herself, they must not be signed by Robert Harrington on behalf of Beth Harrington. Additionally, Ms. Beth Harrington must represent herself in court.

Plaintiffs have submitted multiple proposed orders with their filings stating that the suggested order is "Assented" to. This terminology means that the parties are in agreement. Plaintiffs do not state in their motions that they have the consent of Defendants in proposing the requested orders. The Defendant's opposition demonstrates that Defendants do not agree to the suggested orders Plaintiffs propose. Plaintiffs' acts of filing these proposed orders with the court without "belief there is good ground to support [them]", are sanctionable.

### G. Motion for Hearing

The court denies Plaintiffs' request for oral argument on the motions. Plaintiffs' motions do not have merit and do not warrant oral argument. Plaintiffs will be given "the chance to meet [Defendants' Counsel] and perhaps get to know each other better" in Alternative Dispute Resolution. The court relies upon both parties' good faith efforts in "establish[ing] a working relationship". However, that is not the purpose of oral argument, nor is a hearing appropriate at this time.

### H. Defendant's Motion for Costs and Fees

4

Defendants have moved the court for costs and fees accrued in defending against Plaintiff's motions for sanctions against Attorneys Winkler and Kennedy-Jensen.

> The signature of an attorney or party constitutes a representation by the signer that the signer has read the pleading or motion; that to the best of the signer's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay.... If a pleading or motion is signed with intent to defeat the purpose of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, upon a represented party, or upon both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading or motion, including a reasonable attorney's fee.

Plaintiffs brought repeated meritless motions that Defendants were forced to defend against. The Law Court has "repeatedly held that *pro se* parties are subject to the same standards as represented parties." Uotinen v. Hall, 636 A.2d 991, 992 (Me. 1994). These motions are of the type Rule 11 was written to protect parties against. In fact, Plaintiff has repeatedly submitted motions containing the same arguments and requests, requiring Defendants to respond more than once to the same motions. The court awards reasonable costs to the Defendants but will suspend execution of the award pending ongoing compliance by the Plaintiffs with court rules, particularly those requiring attempts to work out discovery disputes before requesting court orders.

III. Conclusion

The court DENIES Plaintiffs' Motions for Sanctions, Motions to Compel, Motion for Waiver of Alternative Dispute Resolution, Motion to Compel Registered Agent to Refile Annual Report, and Motion for Hearing. The Defendants may submit a bill of costs and fees with regards to the defense of Plaintiff's Motions for Sanctions so that all may be aware of what is at stake if the sanctions award becomes unsuspended.

DATE: 12/18/13

John O'Neil, Jr.
Justice, Superior Court

5

PLAINTIFFS ARE PRO SE
ROBERT G HARRINGTON
BETH E MCDERMOTT HARRINGTON
2023 HOGAN DRIVE
LAWRENCE KS 66047


ATTORNEY FOR DEFENDANT SEASIDE CONDOMINIUM ASSOCIATION :
MATTHEW W HOWELL
JOSEF P WINKLER
CLARK & HOWELL
PO BOX 545
UYORK ME 03909

ATTORNEY FOR DEFENDANTS NANCY H TEWKSBURY, AGNES LAROSA,
NICHOLAS G XENOS AND SEASIDE CONDOMINIUM ASSOCIATION:
MARTICA DOUGLAS
CHRISTINE KENNEDY-JENSEN
DOUGLAS DENHAM BUCCINA & ERNST
PO BOX 7108
PORTLAND ME 04112-7108

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-12-250
JON-YOR — 12/18/2013

ROBERT HARRINGTON AND BETH )
E. McDERMOTT HARRINGTON, )
)
Plaintiffs, )
)
v. ) ORDER
)
SEASIDE CONDOMINIUM )
ASSOCIATION, et al, )
)
Defendants. )

I.      Background

Plaintiffs have brought this action against Defendants in order to challenge the condominium fees

assessed against their condominium and the use of an easement across their condominium. Plaintiffs have

filed Motions for Sanctions against Attorney Josef Winkler and Attorney Christine Kennedy-Jensen,

Motions to Compel, Motions to Waive Alternative Dispute Resolution, a Motion to Compel Registered

Agent to Refile Annual Report, and a Motion for Hearing on the Motions. Defendants have moved the

court for costs and fees associated with Plaintiffs' Motions for Sanctions and have moved the court to

declare Plaintiff Robert Harrington in violation of the rule prohibiting the unauthorized practice of law.

The Court raises, *sua sponte*, the issue of the "assented" to proposed orders submitted by Plaintiffs.

II.     Discussion

A. Plaintiffs' Motion for Sanctions against Attorney Josef Winkler

Plaintiffs have moved the court for sanctions against Attorney Josef Winkler on the basis that he filed

with the court a cover letter to Attorney Kennedy-Jensen's 26(g)(2) Motion requesting an order to compel

discovery. Attorney Winkler's law firm had already entered an appearance in the small claims case,

which had been consolidated with the present matter. Plaintiffs contend that Attorney Winkler's action

was fraudulent because he did not personally enter an appearance prior to filing the letter with the court,

and that they were damaged because they had to return to Maine to address Attorney Winkler's request.

1

The court takes all allegations of attorney misconduct very seriously. However, Attorney Winkler's conduct pointed to by Plaintiffs is entirely compliant with the rules. Plaintiffs' sustained finger pointing, insisting that Attorney Winkler acted willingly and knowingly in an attempt to defraud Plaintiffs, is without merit. The court expects parties to disagree on the merits of the case and to strongly advocate for their opinions. Nordberg, Inc. v. Telsmith, Inc., 82 F.3d 394, 398 (Fed. Cir. 1996). The court also expects parties to express these positions civilly, and without personal attack. See Id.

### B. Plaintiffs' Motion to Compel

Plaintiffs have moved to compel the requests made by Plaintiffs of Defendants in a letter dated October 27, 2013.[1] Plaintiffs argue that because the requests are for information and documents requestable through the Maine Condominium Act, the Plaintiffs' request is made pursuant to the Act and therefore Defendants have only the 10 days permitted in the Act to provide the information and documentation. 33 M.R.S. § 1603-118 (b)(2) (2012). Defendants argue that Plaintiffs have made a mixed discovery request for documents and interrogatories. Therefore, Defendants argue that they have the 30-days permitted by Rules 33 and 34 of the Maine Rules of Civil Procedure to provide the information and documentation. M.R. Civ. P. 33 & 34.

Blacks Law Dictionary defines discovery as: "[c]ompulsory disclosure, at a party's request, of information that relates to the litigation." Black's Law Dictionary (9th ed. 2009). Furthermore, The Condominium Association has the right to withhold information that would otherwise be subject to inspection pursuant to the Condominium Act if it pertains to ongoing litigation. 33 M.R.S. § 1603-118 (c)(3) (2012). Because Plaintiffs have made the requests for information as part of their case, the requests are categorized as discovery, and are exempt from inspection pursuant to the Condominium Act. They are afforded the timeline set out in the Maine Rules of Civil Procedure.

Finally, Rule 26(g) requires parties to confer with one another in good faith prior to involving the court in disputes over discovery. Not only did Plaintiffs fail to civilly discuss their dispute with

---

[1] Plaintiffs have moved the court to compel or raised Defendant's alleged non-compliance with their requests six separate times.

2

Defendants' counsel prior to filing their Motion to Compel, Plaintiffs threatened to involve the court in the discovery process in their initial written request for information and documents. This motion is not compliant with the Maine Rules of Civil Procedure. Plaintiffs' motion to compel is denied.

### C. Plaintiffs' Motion for Sanctions against Attorney Christine Kennedy-Jensen

Plaintiff has moved for sanctions against Attorney Christine Kennedy-Jensen for failing to respond to Plaintiffs' requests as set forth in the October 27th letter in the time set by Plaintiffs. As Plaintiff did not afford Defendants the time allotted by the Maine Rules of Civil Procedure for discovery requests, Defendants' were not required to respond by the date appointed by Plaintiff. Because Defendants were not required to respond by the date appointed by Plaintiff, Defendants' attorney, Attorney Christine Kennedy-Jensen, has acted in an appropriate manner. Plaintiffs' motion for sanctions is inappropriate.

The court reiterates the seriousness of allegations of attorney misconduct and the expectation that parties will civilly advocate for the merits of their respective positions. The court denies Plaintiffs' motion for sanctions.

### D. Plaintiffs' Motion to Waive Alternative Dispute Resolution

Plaintiff moves the court to waive the required Alternative Dispute Resolution. Rule 16B of Maine Rules of Civil Procedure requires all contested civil actions be subject to the alternative dispute resolution process. M.R. Civ. P. 16B. Plaintiffs argue that mediation should be waived because "Defendants choose not to plan to mediate in good faith as is evidenced by the record in the case file and as evidenced by the documentation provided in this Motion to Waive ADR." Defendants oppose the waiver of ADR, arguing that they hope to mediate in good faith. The court takes Defendants at their word, that they plan to mediate in good faith. The court denies Plaintiffs' motion to waive Alternative Dispute Resolution.

### E. Plaintiff's Motion to Compel Registered Agent to Refile Annual Report

Plaintiff has moved the court to compel Defendant Seaside Condominium Association's registered agent to refile its annual report alleging that the registered agent registered the association as a nonprofit corporation in good standing when it was not, in fact, in good standing. As explained in Defendant's opposition, a registered agent does not make the determination of whether a nonprofit corporation is in

3

good standing. The Maine Secretary of State makes the determination. The court has no reason to second guess the Maine Secretary of State's acceptance of the Seaside Condominium Association's Annual Report as complete or to doubt the determination made by the Maine Secretary of State that the Association is in good standing. The court denies Plaintiff's Motion to Compel Registered Agent to Refile Annual Report.

### F. Unauthorized Practice of Law and Draft Orders

Defendants argue that Plaintiff Robert Harrington, Ph. D., is not an attorney and may not enter an appearance on behalf of his wife, Beth Harrington. "No person may practice law or profess to practice law within the State or before its courts… unless that person has been admitted to the bar of this State". 4 M.R.S. § 807(1) (2012). The unauthorized practice of law is a class E crime. Id. at § 807(2). This rule does not apply to an individual representing him or herself. Id. at § 807(3)(b). Ms. Beth Harrington must sign all filings herself, they must not be signed by Robert Harrington on behalf of Beth Harrington. Additionally, Ms. Beth Harrington must represent herself in court.

Plaintiffs have submitted multiple proposed orders with their filings stating that the suggested order is "Assented" to. This terminology means that the parties are in agreement. Plaintiffs do not state in their motions that they have the consent of Defendants in proposing the requested orders. The Defendant's opposition demonstrates that Defendants do not agree to the suggested orders Plaintiffs propose. Plaintiffs' acts of filing these proposed orders with the court without "belief there is good ground to support [them]", are sanctionable.

### G. Motion for Hearing

The court denies Plaintiffs' request for oral argument on the motions. Plaintiffs' motions do not have merit and do not warrant oral argument. Plaintiffs will be given "the chance to meet [Defendants' Counsel] and perhaps get to know each other better" in Alternative Dispute Resolution. The court relies upon both parties' good faith efforts in "establish[ing] a working relationship". However, that is not the purpose of oral argument, nor is a hearing appropriate at this time.

### H. Defendant's Motion for Costs and Fees

4

Defendants have moved the court for costs and fees accrued in defending against Plaintiff's motions for sanctions against Attorneys Winkler and Kennedy-Jensen.

> The signature of an attorney or party constitutes a representation by the signer that the signer has read the pleading or motion; that to the best of the signer's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay.... If a pleading or motion is signed with intent to defeat the purpose of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, upon a represented party, or upon both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading or motion, including a reasonable attorney's fee.

Plaintiffs brought repeated meritless motions that Defendants were forced to defend against. The Law Court has "repeatedly held that *pro se* parties are subject to the same standards as represented parties." Uotinen v. Hall, 636 A.2d 991, 992 (Me. 1994). These motions are of the type Rule 11 was written to protect parties against. In fact, Plaintiff has repeatedly submitted motions containing the same arguments and requests, requiring Defendants to respond more than once to the same motions. The court awards reasonable costs to the Defendants but will suspend execution of the award pending ongoing compliance by the Plaintiffs with court rules, particularly those requiring attempts to work out discovery disputes before requesting court orders.

III. Conclusion

The court DENIES Plaintiffs' Motions for Sanctions, Motions to Compel, Motion for Waiver of Alternative Dispute Resolution, Motion to Compel Registered Agent to Refile Annual Report, and Motion for Hearing. The Defendants may submit a bill of costs and fees with regards to the defense of Plaintiff's Motions for Sanctions so that all may be aware of what is at stake if the sanctions award becomes unsuspended.

DATE: 12/18/13

_____
John O'Neil, Jr.
Justice, Superior Court

5

PLAINTIFFS ARE PRO SE
ROBERT G HARRINGTON
BETH E MCDERMOTT HARRINGTON
2023 HOGAN DRIVE
LAWRENCE KS 66047


ATTORNEY FOR DEFENDANT SEASIDE CONDOMINIUM ASSOCIATION :
MATTHEW W HOWELL
JOSEF P WINKLER
CLARK & HOWELL
PO BOX 545
UYORK ME 03909

ATTORNEY FOR DEFENDANTS NANCY H TEWKSBURY, AGNES LAROSA,
NICHOLAS G XENOS AND SEASIDE CONDOMINIUM ASSOCIATION:
MARTICA DOUGLAS
CHRISTINE KENNEDY-JENSEN
DOUGLAS DENHAM BUCCINA & ERNST
PO BOX 7108
PORTLAND ME 04112-7108

STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                         CIVIL ACTION
                                                  DOCKET NO. RE-12-250
ROBERT HARRINGTON,              )                 )011 -YOR- 6/18/2013
                                )
        Plaintiff,              )
                                )
v.                              )                 ORDER
                                )
SEASIDE CONDOMINIUM             )
ASSOCIATION, et al,             )
                                )
        Defendant.              )


I.      Background

        Plaintiff owns unit #1 in the Seaside Condominium in York, Maine. The Seaside

Condominium has nine units, unit #1 holds a 38.7% interest in the condominium, units #2 & 3

each hold approximately 9%, and units # 4-9 each hold approximately 7% each. Plaintiff's unit

includes the basement of the building, however, there is an easement over part of the basement

area for the owners of units #2 & 3 to reach to utility installations. Plaintiff alleges that the condo

fees for the current year were improperly assessed in violation of the condominium's governing

documents. Plaintiff paid fees according to those assessed in 2011, and argues that the fees

which Plaintiff has not paid have improperly been attached to Plaintiff's condo. Plaintiff also

alleges that the easement over part of his unit has been overused. Plaintiff asks the Court to order

the Association to:

        1) adhere to the condominium governing documents,
        2) reassess the 2012 and 2013 budget and remove all liens on Unit #1,
        3) acknowledge Plaintiff's rights to exclusive use of the basement and parking spots,
           and to clarify those rights in the condominium governing documents,
        4) an audit of the Associations financial records for the last 4 years and repayment of
           any Association monies inappropriately paid out,
        5) separate access be provided to the units #2 & 3 utility installation through unit #3 or
           eliminate access rights through unit #1,
        6) reimburse Plaintiff's legal fees and costs for having to bring this action,


                                           1

7) any other relief the Court deems just.

Defendant moves the Court to dismiss the case for failure to state a claim upon which relief may be granted.

## II.     Standard of Review

The purpose of a motion to dismiss is to determine the legal sufficiency of the complaint. *Livonia v. Town of Rome,* 707 A.2d 83, 85 (Me. 1998). The Court will review the motion in the light most favorable to the plaintiff, taking the facts as stated in the complaint to be true. *Id.* The Court will grant a motion to dismiss only where "it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claims." *McAfee v. Cole,* 637 A.2d 463, 465 (Me. 1994) (citations omitted).

## III.     Discussion

### A.  Condominium Fees

Plaintiff argues that the condominium fee has been improperly assessed. Currently, Plaintiff holds a 38.7% interest in the condominium. According to the governing document, Plaintiff must pay fees according to their interest in the condominium. Bylaws s.5.3. The fees are a division of the final budget, which is determined by the Executive Board of the Association, subject to disapproval of the unit owners. Bylaws s.5.2. Plaintiff is contesting his fees in comparison to other unit owners in the condominium, however, Plaintiff has not offered the actual monetary amount of fees charged Plaintiff and fees charged other unit holders to the Court. Nonetheless, due the nature of notice pleading the Court will deny Defendant's Motion to Dismiss and allow Plaintiff the opportunity to prove its claim.

### B.  Basement Easement

2

Where an easement is being used for something other than its intended purpose, a party may seek relief from the court. The Court will not rewrite easement agreements "The construction of language in an easement deed is a question of law. If the language of the deed is unambiguous, the scope of a party's easement rights is determined solely from that language." *Maritimes & Ne. Pipeline, LLC v. Echo Easement Corridor, LLC, 604 F.3d 44* (1st Cir. 2010), citing *Crispin v. Town of Scarborough*, 736 A.2d 241, 249 (Me.1999) Plaintiff has not specifically pled that the easement is being used for its intended purpose – to access the utility installations . Furthermore, according to the pleadings of both parties, there is an easement across part of unit #1 for unit #2 & 3 to access utility installations. However due to the fact of notice pleading , the Plaintiff may use discovery to attempt to flesh out any theory that there may be an overburdening of an existing easement and to attempt to establish a basis for the requested relief. The motion is accordingly denied at this time.[1]

IV.    Conclusion

Defendant's Motion to Dismiss is DENIED.

DATE:  6/18/13

                                                     _____
John O'Neil, Jr.
Justice, Superior Court

---

[1] The Court  is however currently unaware of any theory of liability or lawful authority which would allow as a remedy the rewriting of the Condominium's Declaration or Bylaws to order the Association to create a new access to that area in order to make the easement unnecessary.

3

ATTORNEY FOR PLAINTIFFS:
SANFORD ROBERTS
SANFORD ROBERTS PA
PO BOX 4608
PORTSMOUTH NH  03802


ATTORNEY FOR DEFENDANTS:
MARTICA DOUGLAS
CHRISTINE KENNEDY-JENSEN
DOUGLAS DENHAM BUCCINA & ERNST
PO BOX 7108
PORTLAND ME  04112-7108


ATTORNEY FOR DEFENDANT SEASIDE CONDOMINIUM ASSOCIATION:
MATTHEW HOWELL
CLARK & HOWELL
PO BOX 545
YORK ME  03909